(June 8, 1904.)

## RICHARDSON v. RUDDY.

[77 Pac. 972.]

DISMISSAL OF APPEAL—CONTINUANCE—APPLICATION FOR—CONTRACT—PARTITION OF REAL ESTATE.

1. Under the provisions of subdivision 3 of section 3807 of the Revised Statutes, if an appeal from an interlocutory judgment is not taken within sixty days after such judgment is entered, the same will be dismissed on motion.

2. The action of the trial court in denying the motion for a continuance will not be reversed unless it appears that the court in denying such motion has abused its discretion.

3. In a suit for the partition of real estate among several
parties, if it appears to the court that it is impracticable or in-
convenient to make a complete partition in the first instance among
all the parties to the suit, the court may direct a partition among
two or more of the parties and from time to time thereafter may
determine as to the other's rights, shares and interests, and render
a further judgment directing a partition, in like manner, of all
the undetermined parts and portions of the property.

(Syllabus by the court.)

APPEAL from District Court of Nez Perce County.   Honor-
able Edgar C. Steele, Judge.

Action for partition of real estate.   Judgment for plaintiffs.
Affirmed.

George W. Tannahill, James De Haven and H. F. Burleigh,
for Appellants.

This is a very peculiar case, and about the most charitable
thing to be said of the complaint is that it is "fearfully and
wonderfully made." The complaint was undoubtedly framed
on one theory, the case tried on another and decided on another.
The objection to the introduction of evidence should have been
sustained for the reason it was not shown by the complaint that
any act was ever done constituting Richard Ruddy a trustee,
or how plaintiffs derived their interest in this tract of land,
what their interests were, or any part of an agreement in writ-
ing or otherwise authorizing a partition of the land described
in the complaint. It does not appear from the complaint that
plaintiffs paid any part of the purchase price or did any act
entitling them to any part or portion of the land in question.
The decision of the court affirmatively shows that there was no
agreement expressed, implied or otherwise, constituting Richard
Ruddy a trustee for the plaintiff or any other person. It is a
well-settled principle of law that the plaintiffs must recover
upon the contract the agreement relied upon, and the case must
determine all of the interests of the parties or it cannot be de-
termined at all. This action cannot be determined without a
determination of each and every right involved therein. Should
this purported trust agreement be carried out as contended for

by the plaintiffs, as decreed by the court and as affirmatively
shown by the records in this case, it would require about fifty
acres more of land than there is involved in this action. The
court has found the rights and shares to which it claims A. A.
Kincaid, one of the defendants, and Walker Richardson, one
of the respondents, are entitled to receive, and leaves the re-
maining shares and interests undetermined. We respectfully
submit that a trust cannot arise or any interest be created without
an agreement creating such a trust, and if the plaintiff recovers,
he must recover on the agreement relied upon. If the evidence
is insufficient to determine the rights of all the parties to the
alleged agreement, it is insufficient upon which to base a decree,
and the action should be dismissed. (*Hartshorn v. Smart*, 67
Kan. 543, 73 Pac. 73; *Chapman v. Allen*, 11 Wash. 627, 40
Pac. 219; Pomeroy's Equity Jurisprudence, 1040.) It is a
settled rule of equity that all joint claimants must recover or
none can. (*Richter v. Noll et al.*, 128 Ala. 198, 30 South. 740;
*Love et al. v. Butler et al.*, 129 Ala. 531, 30 South. 735; *Love-
lace v. Hutchinson*, 106 Ala. 417, 17 South. 623.) Upon the
question of the insufficiency of the evidence we also invite the
court's attention to section 6009, subdivision 9, Revised Statutes
of Idaho of 1887. (*McGinness et al. v. Sanfield et al.*, 6 Idaho,
372, 55 Pac. 1020; *Coffin et al. v. Bradbury*, 3 Iowa, 770, 95
Am. St. Rep. 37, 35 Pac. 715; Brown on Statute of Frauds,
secs. 266-269; *Leis v. Potter*, 68 Kan. 117, 74 Pac. 622.) There
was no attempt to show that the property in controversy was de-
scribed in any writing signed by the parties to be charged, or at
all. This description must be proven, if at all, by parol evi-
dence. We have searched the record in vain to find any refer-
ence whatever to the description of the land as it exists at the
present time, or as it would be when divided, or at any other
time. This being true, the plaintiffs have no standing in this
court and have not made out a case. (*Carig et al. v. Zelian*,
137 Cal. 105, 69 Pac. 853.)

Clay McNamee and George W. Goode, for Respondents.

Appellants strenuously urge that the amended complaint is
not good or sufficient. A careful examination of the transcript

discloses no demurrers on the part of any of the defendants, hence if the complaint is insufficient (and we maintain that it is sufficient) that point has been waived. (*Deuprey v. Deuprey*, 27 Cal. 329, 87 Am. Dec. 81.) In any event the complaint is sufficient and complies fully with the provisions of the statute and decisions. (Rev. Stats. 1887, sec. 4561; Knapp on Partition, pp. 102, 150, 152. Forms of complaint set out in Knapp on Partition, pp. 517, 518; also pp. 519-522; *Bradley v. Harkness*, 26 Cal. 69; *Kromer v. Friday*, 10 Wash. 621, 39 Pac. 229, 32 L. R. A. 671; *Hill v. Young*, 7 Wash. 33, 34 Pac. 144.) A complaint in partition is entitled to a most liberal construction by the court entertaining the same. (17 Am. & Eng. Ency. of Law, p. 731, and authorities there cited.) Appellants contend that the trial court erred in denying their motion for a continuance. There was no abuse of discretion by the court in this ruling, as the record discloses that all of the defendants or their respective counsel were fully apprised of the date set for trial; that this case had already been continued over at least four terms of the court either to accommodate defendants or their attorneys from time to time. The affidavits of counsel for defendants in support of said motion for continuance are entirely inadequate, in that they fail to show due diligence on their part, and in fact show an entire lack of diligence in securing the attendance desired. A motion for continuance is always properly denied when lack of diligence is shown, and this statement is borne out by an unbroken line of decisions in every state in the Union. (*Kuhland v. Sedgwick*, 17 Cal. 123; *Leszinsky v. White*, 45 Cal. 278; *People v. Jocelin*, 29 Cal. 562; *Pierson v. Holbrook*, 2 Cal. 598; *Frank v. Brady*, 8 Cal. 47; *Cody v. Butterfield*, 1 Colo. 377; *Kearney Stone Works v. McPherson*, 5 Wyo. 178, 38 Pac. 920.) A very liberal rule has been adopted by the courts in suits for partition in granting amendments to the bill of complaint. (Knapp on Partition, pp. 158, 159; *Storch v. McCain*, 85 Cal. 304, 24 Pac. 639; 1 Ency. of Pl. & Pr., pp. 516, 517; see authorities there cited.) In case of partition the interlocutory judgment must direct a partition, as between those whose share has been determined and the other parties to the action, leaving intact the share, interest or estate of those that

are undetermined. And where the shares and interests of two or more parties have been ascertained and determined, the interlocutory judgment may also direct the partition among them of part of the property, proportionate to their aggregate shares; and the court from time to time may determine as to the other rights, shares and interests, and render another and further interlocutory judgment, directing a partition, in like manner, of the undetermined parts and portions of the same property. (Knapp on Partition, p. 211; Idaho Rev. Stats., 1887, sec. 4568; *Hayward v. Judson,* 4 Barb. 228.) Parol evidence is admissible establish a resulting trust, even though the trustee deny under oath; for the statute of frauds exempts such trusts from its provisions. (*Krauth v. Thiele,* 45 N. J. Eq. 407, 18 Atl. 351; *Cutler v. Tuttle,* 19 N. J. Eq. 558; Hill on Trustees, p. 92; *Tunnard v. Littell,* 23 N. J. Eq. 264; *Midmer v. Midmer,* 26 N. J. Eq. 299.) Parol evidence will be admitted to show that a purchase made in the name of one was a joint purchase at the cost of more than one and for the benefit of all, or that the consideration for a purchase was in fact paid by some other person than the one named in the deed of conveyance as grantee. (*Powell v. Monson etc. Mfg. Co.,* 3 Mason (U. S.), 347, Fed. Cas. No. 11,357; *Smith v. Eckford* (Tex. 1891), 18 S. W. 210.) A trust may be proved by circumstantial evidence, by admissions in the pleadings made either explicitly or by implication by the party sought to be charged, or by his admission elsewhere made. (*Davis v. Coburn,* 128 Mass. 377; *Massey v. Massey,* 20 Tex. 134; *McVay v. McVay,* 43 N. J. Eq. 47, 10 Atl. 178; *Allen v. Whithrow,* 110 U. S. 119, 3 Sup. Ct. Rep. 517, 28 L. ed. 90; *Gibblehouse v. Strong,* 3 Rawle (Pa.), 437.)

SULLIVAN, C. J.—This is an action brought under the provisions of title 10, chapter 5 of the Revised Statutes of Idaho, for the partition of certain real estate lying in Idaho county, and to have the defendant, Richard Ruddy, declared trustee for the benefit of plaintiffs and defendants named in the complaint. It is alleged in the amended complaint that the plaintiff, Walker Richardson, and the defendants, Richard Ruddy, E. Conrad, C. E. Newton and A. A. Kincaid, acquired title as joint tenants to the real estate described in the complaint and that they are

now in possession thereof. That said premises were acquired
by said plaintiff, Walker Richardson, and defendants from the
United States government for the purpose of and as a townsite by
filing certain government script with the proper United States
officials and by payment of the sum of money required in such
cases by the laws of Congress; that by agreement the recorded
title to said premises was to be granted by the government to the
defendant Ruddy, as trustee for said plaintiffs and defendants,.
and that he now holds the legal title to all of said premises.

The specific interests of the plaintiffs and defendants, so far
as known, are alleged and set out in the complaint. The prayer
is for a partition of said premises and that the defendant Ruddy
be compelled, by proper decree, to execute and deliver good and
sufficient deeds to both the plaintiffs and defendants to their re-
spective interests in said land and for general relief. The de-
fendants Ruddy, Jacobs, Marasseck and Conrad filed separate
answers denying all allegations of the complaint; Kincaid filed
his answer admitting all of the allegations of the complaint, and
joined with the plaintiff in a prayer for a partition of the prem-
ises. The case was tried by the court without a jury, and an
interlocutory decree entered by the court directing that upon the
coming in of the report of the referees hereinafter referred
to, that final judgment be entered as to Richardson and Kin-
caid. In said decree the court determined the interest of plain-
tiff, Walker Richardson, and defendant, A. A. Kincaid, and
ordered a partition of said premises as to them, and appointed
three disinterested freeholders to make said partition and a sur-
vey of the premises, if necessary, and report the result thereof
to the court. The court made no findings or decree as to the
interest of the other parties to this suit, but ordered on the com-
ing in of the report of said referees that the action be severed,.
leaving the action to proceed as to the remaining parties to the
suit. From said judgment and order overruling the motion for
a new trial, this appeal is taken. Counsel for respondent moved
to dismiss the appeal from the judgment on the ground that the
judgment entered was not a final but an interlocutory judgment,.
and that the appeal was not taken within sixty days after entry
of said judgment. The record shows that the judgment was.

filed October 15, 1903, and that the appeal was taken on the third day of February, 1904. The provisions of subdivision 3 of section 3807, Revised Statutes, provide, among other things, that an appeal may be taken from the district court to the supreme court within sixty days after the order or interlocutory judgment is made and entered. The appeal from said interlocutory judgment not having been taken within sixty days from the date of its entry, must be dismissed and said motion sustained. That leaves the appeal from the order denying a new trial to be considered.

It appears from the record that defendants interposed a motion for a continuance, which was denied by the court; this is assigned as the first error. We have examined the affidavits *pro* and *con* used on the application for a continuance, and we are unable to say that the court abused its discretion in overruling said motion.

It is also contended that the court erred in decreeing a partition so far as the plaintiff, Walker Richardson, and defendant, A. A. Kincaid, were concerned, leaving intact and undetermined the share, interest or estate of the other parties to the suit. Mr. Knapp in his work on Partition at page 211, says: "In such case the interlocutory judgment must direct a partition as between those whose share has been determined and the other parties to the action, leaving intact the share, interest or estate of those that are undetermined. And where the shares and interest of two or more parties have been ascertained and determined, the interlocutory judgment may also direct the partition among them of part of the property proportionate to their aggregate share; and the court, from time to time, may determine as to the other rights, shares and interests, and render another and further interlocutory judgment, directing a partition, in like manner, of the undetermined parts and portions of the property."

The provisions of section 4568 of the Revised Statutes provides for partial partition in cases of this kind. The court did not err in making the partial partition of said premises.

The plaintiff was permitted to amend the complaint in some minor particulars over the objection of counsel for the defend-

ants, and it is contended that said amendments were not served on four of the defendants, which action of the court is assigned as error. The amendments referred to were made in open court during the trial of the case and the counsel for the defendants were present. After said amendments were allowed no continuance of the cause was asked for, and it is not intimated that defendants were taken by surprise and not ready to meet the complaint as amended.

The next error assigned relates to the insufficiency of the complaint. On an examination of its allegations we find that it states a cause of action and is amply sufficient. Many of the errors assigned relate to the admission of proof of a verbal contract for the conveyance of real estate. But the evidence clearly shows that this case does not come within the statute of frauds, and the admission of such evidence was not error.

A number of letters were introduced in regard to this real estate transaction. It was not error to admit said letters, as they referred to the transaction out of which this suit arose. The evidence is amply sufficient to sustain the findings and judgment of the court. After a careful examination of the complaint and the evidence introduced in support of it, we conclude that the complaint states a cause of action, and the findings and judgment are supported by the evidence. The judgment must be affirmed and it is so ordered, with costs in favor of the respondents.

Stockslager, J., and Ailshie, J., concur.

(August 10, 1904.)

ON PETITION FOR REHEARING.

[77 Pac. 973.]

STOCKSLAGER, J.—I have read the petition for rehearing in this case with much interest and care. Counsel for appellants urge as a reason why a rehearing should be granted that "only one of the respondents, Richard Ruddy, was represented by counsel present in court."

This question was passed upon by the district court. The judge of that court was familiar with all the facts and condi-

tions, and within his discretion it seems he refused to grant a continuance.  It is certainly well settled that this court will not disturb the action of the trial court in matters of this kind.

Many other reasons are urged why the judgment of the trial court should be reversed, but a careful study of the petition does not disclose any reason urged therein that was not fully passed upon in the original opinion.  A rehearing is therefore denied.

Sullivan, C. J., and Ailshie, J., concur.