(December 19, 1905.)

## RICHARDSON v. RUDDY.

[83 Pac. 606.]

PARTITION—REFEREE'S REPORT—CONFIRMATION.

1. Where it is shown that the report of the referees appointed to partition real estate is unjust and inequitable, it should be set aside.

2. Where it is shown that the referees have not complied with the order of the court in making such partition, their report should be set aside.

(Syllabus by the court.)

APPEAL from the District Court of Idaho County. Honorable Edgar C. Steele, Judge.

Judgment confirming report of referees reversed.

The facts are stated in the opinion.

George W. Tannahill and James De Haven, for Appellant, cite no authorities on the points decided.

Clay McNamee, George W. Good and J. E. Jaques, for Respondent, cite no authorities on the points decided.

SULLIVAN, J.—This is an action brought under the provisions of titile 10, chapter 5, of the Revised Statutes of Idaho, for the partition of certain real estate lying in Idaho county, and to have the defendant, Richard Ruddy, declared a trustee for the benefit of the plaintiffs and defendants named in the complaint, and was before this court on appeal at the March, 1904, term. (See *Richardson v. Ruddy,* 10 Idaho, 151, 77 Pac. 972.) Three points were decided on that appeal, and the judgment of the lower court was affirmed. We held on that appeal in a suit for partition of real estate if it appeared to the court that it was impracticable or inconvenient to make a complete partition in the first instance, the court might direct a partition between two or more of the parties, and from time to time there-

after might determine as to the other parties' shares and interest, and render a further judgment directing a partition in like manner of all the undetermined parts or portions of the property. After the case was remanded, the trial court proceeded to make partition between some of the other parties to the suit. It appears from the record that the trial court appointed W. C. McNutt, O. A. Fox and W. C. Short referees, to make a partition of the premises described in the complaint, in so far as plaintiff, Walker Richardson, and defendant, A. A. Kincaid, were concerned. The report of said referees was filed September 15, 1904, and thereupon, four of the defendants filed objections to the report objecting to its confirmation on a number of grounds. Said matter was heard before the court and a number of witnesses testified, and some documentary, evidence was introduced on the hearing, and the court thereafter entered judgment on the report of the referees. A motion for a new trial was denied. The appeal is from a judgment and order denying a new trial.

Counsel for appellants contend that the court erred in refusing to grant them a continuance in the original trial of this case. That matter was disposed of on the former appeal, and is *res adjudicata*. The matters that are before us for decision on this appeal are those arising out of the report of the referees and the judgment of the court thereon.

That judgment is attacked on the ground that it is inequitable and unjust, and that the evidence shows the conduct of the referees was improper and reprehensible. The evidence shows that the most valuable parts of the tract of land partitioned were set off to the respondents, Richardson and Kincaid. It is shown that the land set off to them was relatively worth from twenty-five to fifty per cent in excess of the value of the remaining tracts. The court erred in rejecting all evidence offered tending to show that the partition made by the referees was not fair and equitable.

Mrs. Conrad, one of the appellants, was to have five acres of land out of this tract. She was living on it; had improvements on it, an orchard, a dwelling-house and other im-

provements, and instead of setting her improvements off to her, and the land on which they were situated, the referees gave that land to the respondent, Richardson. One witness testified that he would not give one acre of the land where Mrs. Conrad's improvements were, for the whole five acres that was set apart to her.

The evidence shows that McNutt, who was appointed one of the referees, also acted as the surveyor of said townsite, and charged fees both as surveyor and referee. He also employed the plaintiffs, A. C. and Walker Richardson, to assist in surveying, and filed his bill for costs in said matter amounting to $814. He included therein $50 attorney's fees, $214 for services of chairman, flagman and axmen, $365 for town lots, and $180 for referees' fees. The evidence clearly shows that no such fees should be allowed, for they almost result in confiscation. The idea that the referees must be on the ground during the survey, and charge fees for twelve days as referees, is simply preposterous.

McNutt testifies on direct examination that Mrs. Conrad selected the five acres set aside to her. He finally admitted that she did not select it, but testified that the referees did the best they could and that they selected or set apart Mrs. Conrad's house and improvements, and the ground on which she lived, and where her garden and orchard were to Walker Richardson, one of the plaintiffs, who assisted in the survey, and it would look as though he had probably assisted the referees in partitioning the property. Such conduct of the referees as is shown in this matter ought not to be tolerated. If it be true that there has been an equitable adjustment of this land, why not give the tracts selected for Richardson and Kincaid to the appellants, who claim that the land apportioned to Richardson and Kincaid is double the value of that set aside to the others. Richardson and Kincaid both claim that the other tracts are just as valuable as those set apart to them. The court might let them have them.

The referees failed and refused to follow the directions of the court in the survey of the business lots involved. It appears that justice has not been done in this matter, and

the judgment confirming the report of the referees must be set aside, with directions to the court to appoint other referees, who shall equitably and justly apportion said lands between the respective parties; and it is further ordered that no costs or expenses shall be awarded to the referees or to McNutt for making the survey of said land, nor to A. C. and Walker Richardson, plaintiffs, for assisting in making said survey.

The cause is remanded for further proceedings, in accordance with the views expressed in this opinion. Costs of this appeal are awarded to the appellants.

Stockslager, C. J., concurs.

Ailshie, J., sat at the hearing, but took no part in the decision.