(December 3, 1908.)

# A. C. RICHARDSON and WALKER RICHARDSON, Appellants, v. RICHARD RUDDY, E. CONRAD, MRS. E. CONRAD, C. E. NEWTON, J. J. MARASECK, MATH JACOBS and A. A. KINCAID, Respondents.

[98 Pac. 842.]

PARTITION OF REAL PROPERTY—JURISDICTION OF COURT—REPORT OF REFEREES—HEARING.

1. The interlocutory decree, entered in an action for the partition of real property, determines the right to partition and fixes the respective rights of the parties, as ascertained by the court.

2. The report of the referees appointed to partition real property presents merely the question whether said referees made the partition in accordance with the decree of the court.

3. The hearing of the report of referees appointed to partition real property should be merely for the purpose of ascertaining whether such referees carried out the directions of the court, and evidence should be received at such hearing directed to this question only, except when such report involves the question whether the referees acted fairly and equitably.

4. Jurisdiction over the subject matter is the right of the court to exercise judicial power over that class of cases, not the particular case before it, but rather the abstract power to try a case of the kind or character of the one pending, and not whether the particular case is one that presents the cause of action, or under the particular facts is triable before the court in which it is pending, because of some inherent facts which exist and may be developed during the trial.

5. Whether the particular facts of the case authorize the trial court to enter a decree for the partition of real property does not involve the jurisdiction of the court to act in such matter, but relates solely to the inquiry: Did the court act erroneously upon the facts presented?

6. There is a clear distinction between jurisdiction to act and action which is merely erroneous. The former involves the power to act at all, while the latter involves the authority to act in the particular way in which the court did act.

7. An interlocutory decree entered in a partition suit, and the report of the referees thereunder, will not be set aside upon the ground that the particular facts upon which the court based such interlocutory decree did not authorize or justify the entry of such

decree. Such question can only be reviewed upon an appeal, in which the facts presented to the trial court are also presented to the appellate court. This, however, does not involve the jurisdiction of the trial court to act.

(Syllabus by the court.)

APPEAL from the District Court of the Second Judicial District for Nez Perce County. Hon. Edgar C. Steele, Judge.

An action for the partition of real property. Motion to set aside an interlocutory decree and the order confirming the report of the referees. Motion denied. Appeal from such order. *Affirmed.*

George W. Tannahill, and James De Haven, for Appellants.

Clay McNamee, and J. E. Jacques, for Respondents.

Counsel cite no authorities on points decided.

STEWART, J.—This case has been before this court upon two former appeals (10 Ida. 151, 77 Pac. 972, 11 Ida. 561, 83 Pac. 606). The action is for partition of real property. The first appeal presented to this court for review an interlocutory order or decree rendered by the trial court on March 16, 1903, in which the court determined the interests of Walker Richardson and A. A. Kincaid, and made findings and ordered a partition of said premises as to them, and appointed three referees to make said partition and report their action. The case was continued as to the interests of the other parties to said suit. A motion for a new trial was made, denied, and the appeal was from the judgment and from the order overruling a motion for new trial. Upon appeal this court passed upon the sufficiency of the complaint and the motion for a continuance, and held the court had power and jurisdiction to enter an interlocutory decree directing a partition of the real property as between those whose share had been determined, and leaving intact the

share, interest or estate of those that were undetermined. The court also held that the trial court committed no error in admitting in evidence certain letters. The judgment was affirmed. The referees appointed by the interlocutory decree made their report and the same was confirmed by the trial court. A motion for new trial was denied and the second appeal was from the judgment and the order denying a new trial.

Upon the second appeal the question of continuance was again presented. This court held that the matter was disposed of on the former appeal, and was *res adjudicata,* and that the matter before the court upon that appeal arose out of the report of the referees and the judgment of the court thereon. The judgment of the trial court, confirming the report of the referees, was set aside and direction given to appoint other referees who would equitably and justly apportion said lands between the respective parties, and the cause was remanded for further proceeding. After the reversal Richard Ruddy, E. Conrad, Mrs. E. Conrad, J. J Maraseck and Math Jacobs, appellants herein, moved the court to set aside the interlocutory order made on March 16, 1903, and prior to both the former appeals. The principal ground of this motion was, that the court had no jurisdiction of the subject matter of the suit, at the time of the filing of said suit, or at the time of the rendition of said interlocutory decree, or at all, and that all the proceedings relative thereto are and were void and of no effect whatever, for the reason that said interlocutory decree as rendered was in violation of secs. 2288 and 2290 of the Rev. Stat. of the United States, providing the mode of procedure under which title may be acquired to public land of the United States by homestead entry. This motion was denied and the appellants herein excepted. Afterward, by agreement of the parties, E. C. Spedden was appointed as sole referee to make the partition under said interlocutory order. This referee proceeded in accordance with the directions of said order to make said partition, and made his report to the court in writing. Upon the coming in of said report the defendants, appellants here,

Richard Ruddy, E. Conrad, Mrs. E. Conrad, C. E. Newton, J. J. Maraseck and Math Jacobs, each and all, objected to the report of the referee, upon the same grounds as alleged in the motion to set aside the interlocutory order, that is, that the court had no jurisdiction of the subject matter of the action, and had no jurisdiction to make an order appointing a referee or confirm or approve the report of the referee or make or enter a decree of partition of said premises. This objection was overruled and final judgment was entered confirming the report of the referee. A motion for a new trial was made and overruled. This appeal is from the judgment and from the order denying a new trial. It appears from the record that a trial was had upon the objections to the report of the referee and certain evidence was introduced. The evidence introduced upon this hearing is found in the record in a proper bill of exceptions. The evidence, however, taken upon the original trial, upon which findings were made and the interlocutory decree entered, is not in the record. This court therefore is not advised as to what the proof showed upon which the interlocutory decree was based, and for that reason cannot review the same. The sufficiency of the complaint and the nature and character of the action have been determined, and these questions are *res adjudicata.* The sole question argued by appellant upon this appeal was, that the trial court did not have jurisdiction of the subject matter or jurisdiction to enter the judgment appealed from. The question of jurisdiction may be raised at any time under the provisions of Rev. Stat., sec. 4178, and if the judgment in this case is void for want of jurisdiction, it would seem that the question can be raised at any stage of the proceeding, and that a motion to set aside the judgment upon that ground is proper and recognized practice. (15 Ency. Pl. & Pr. 237.)

In this case there is nothing upon the face of the judgment of confirmation of the report of the referee or the interlocutory decree which in any way indicates want of jurisdiction in the trial court to make the same. The appellant, however, argues that because it appeared at the hearing of the objections to the confirmation of the report of the referee

that an agreement had been entered into between appellants and respondents which provided that an entry should be made under the homestead laws of the United States, by which title should be acquired in the name of the homestead entryman for the use and benefit of the parties to the agreement, and after such title was so acquired, such parties should own said land as tenants in common; that such agreement was void, and for that reason the court had no jurisdiction to try a case involving the right to have said property partitioned according to such agreement.

While the appeal in this case is from the final judgment and from the order overruling the motion for a new trial, appellant has not presented to this court the evidence introduced before the trial court, and upon which the interlocutory decree is based. While certain evidence was introduced upon the hearing upon the objections to the confirmation of the report of the referee, yet it is not shown that this was the evidence introduced upon the trial of the case, and very properly so, for the case on its merits could not again be tried upon such hearing. The interlocutory decree determined the right of the parties to have partition. The report of the referee merely presents the question as to whether the referee made the partition in accordance with the interlocutory decree. Evidence directed to this question only should have been received at the hearing of the objections to such report. Under no pretense could the case be tried anew at such time. Rev. Stat., sec. 4572 provides: "In making the partition the referees must divide the property and allot the several portions thereof to the respective parties, quality and quantity relatively considered, according to the respective rights of the parties as determined by the court, pursuant to the provisions of this chapter, designating the several portions by proper landmarks, and may employ a surveyor, with the necessary assistants, to aid them." Sec. 4573 provides: "The referees must make a report of their proceedings, specifying the manner in which they executed their trust, and describing the property divided, and the shares allotted to each party, with a particular description of each share."

Sec. 4574 provides that such report may be confirmed, changed, modified or set aside by the court and if necessary new referees may be appointed.

Thus it will be seen that the power and duty of the referee, appointed under the interlocutory decree, is to carry out the directions of the trial court in such decree, and objections to the report made by such referee would involve the question whether the referees carried out and followed such directions, except as to matters left to their judgment, and as to such matters whether or not they acted fairly and equitably. (*Richardson v. Loupe,* 80 Cal. 490, 22 Pac. 227.) These and these only were the questions which the court should have tried and determined upon such hearing. Nothing, therefore, appearing upon the face of the interlocutory decree, which in any way calls in question the jurisdiction of the court to try said case and enter judgment therein, it will be necessary to look to the evidence for the purpose of determining the question of jurisdiction. The evidence, however, is not in the record. The findings of the court upon which the interlocutory decree was entered are in the record, and in the absence of the evidence the court will presume that the findings are in accord with the evidence. The court finds among other things:

"First—That plaintiff, Walker Richardson, and defendants, Richard Ruddy, E. Conrad, C. E. Newton and A. A. Kincaid, entered into certain agreements whereby they and their transferees hereafter named, acquired title as joint tenants to the following described lands and premises, situate in Idaho County, Idaho, Lots 14 and 15, and the NE. ¼ of the NE. ¼ of Section 35, Tp. 34, north range three, E. B. M., containing 110 and 95/100 acres, and that out of said described lands the said parties or their said transferees agreed to convey to Mrs. E. Conrad five acres.

"That according to the said agreement the said lands were so acquired from the United States government by filing certain government scrip with the proper United States officials and by the payment of the necessary money therefor and according to such agreement patent to said lands has been

duly issued to the defendant, Richard Ruddy,'' who the court finds was to and did ''act as trustee in acquiring the legal title to the said lands for the said parties and their trans-ferees and he now holds the legal title to the same.''

If, then, the facts be as found by the court, the argument of counsel for appellant is entirely misdirected. The court finds that the parties entered into an agreement by which certain lands were to be purchased from the United States for the said parties as tenants in common, and title taken in the name of Ruddy as trustee, and not that Ruddy was to make a homestead entry for the benefit of the parties to the agreement as contended for by counsel for appellant. If the land was to be purchased by scrip, the Rev. Stat. of the United States, with reference to acquiring title by homestead, does not necessarily apply. The argument of counsel for appellant is based upon the theory that the contract was as he claims, while the facts as found by the trial court are entirely dif-ferent, and make inapplicable and of no force whatever the contentions of the appellant as to the jurisdiction of the trial court.

This is an action for the partition of real property, as held by this court on the former appeal (10 Ida. 151, 77 Pac. 972), and of such action the district court has jurisdiction to try and determine under the provisions of sec. 4560, et seq., of the Rev. Stat. The trouble with appellant's contention in this case is, that it confuses jurisdiction and power to try the case, with the question of the authority of the court to enter judgment upon the particular facts of the case. Con-ceding, therefore, that the action is based upon the contract, as claimed by the appellant, still, the district court would have jurisdiction of the subject matter. Brown on Jurisdiction, sec. 1a, lays down the general doctrine as follows:

''Jurisdiction over the subject matter is the right of the court to exercise judicial power over that class of cases; not the particular case before it, but rather the abstract power to try a case of the kind or character of the one pending; and not whether the particular case is one that presents a cause of action, or under the particular facts is triable before

the court in which it is pending, because of some inherent facts which exist and may be developed during the trial." (See, also, 11 Cyc. 669.) Applying this rule to the case at bar, the jurisdiction of the trial court depends upon the right of the court to exercise judicial power over that class of cases, to which this case belongs and not over the particular case before it; the power to try a case of the kind or character of the one pending, and not whether the particular case is one that presents a cause of action, or under the particular facts was triable to the district court. The trial court had jurisdiction of the parties, it is conceded. That the trial court had jurisdiction of an action to partition real property is clearly provided by the statute.

Whether the particular facts of this case authorized the trial court to enter a decree for the partition of the property in question does not involve the jurisdiction of the court to act in such matter, but relates solely to the inquiry, did the court act erroneously upon the facts presented. At most the appellant's contention goes only to the inquiry, did the court act rightly upon the facts presented; did the court commit an error by the action taken; and not, did the court have jurisdiction or power to act at all. It will be thus seen that there is a clear distinction between the · jurisdiction of the court to try and determine a matter and the action of such court in a matter which is merely erroneous. The former involves the power to act at all, while the latter involves the authority to act in the particular way in which the court did act. (*Glendenning v. McNutt*, 1 Ida. 592.) Therefore, the question which counsel for appellant argues is not a question of jurisdiction, but is purely a question of inquiry as to whether the court committed an error in acting in the particular manner in which the court did act, upon the particular case or facts presented to the court for action. The fact that the trial court may have erred in decreeing the partition of the property does not argue that the court did not have jurisdiction to commit such error. So, we think that the question presented by the record in this case is not one of juris-

diction, but solely the question : Did the court commit an error in so acting?

If the facts be as found by the trial court,, which we must assume, then the argument of counsel, even conceding its correctness as applied to certain facts, would have no application to the facts in this case. We are of the opinion, therefore, that upon the facts, as found by the trial court, there can be no question whatever but what the trial court had jurisdiction to enter the interlocutory decree, and the order confirming the report of the referee. Had counsel desired to present the question which he has argued in this case, even conceding his position correct, he should have brought to this court the evidence taken at the trial and upon which the court based its judgment. The judgment of the trial court will be *affirmed.* Costs awarded to the respondents.

Ailshie, C. J., and Sullivan, J., concur.