DECISION
INTRODUCTION
This Court must determine whether the Trial Court appropriately dismissed the appellant’s suit. The Trial Court determined that it could not award the appellant’s request for relief since prohibited by constitutional amendment. This Court agrees and accordingly affirms the lower court decision.
APPELLATE HISTORY
On July 10, 2012, the appellant, Henry GreenCrow, Jr., by and through Lay Advocate Nicholas J. Kedrowski, filed a timely appeal of the Trial Court’s final decision. See HCN R.App. P. 7(b)(1), 11(a), available at http://www.ho-chunknation.com/? Pageld=123. This Court issued a scheduling order on August 3, 2012, in which it accepted the appeal and established briefing deadlines. Id., Rule 12. The appellant filed his brief in support of appeal on August 24, 2012, and the Court subsequently scheduled oral argument within a September 6, 2012, order. Id.,, Rule 15(a).
The appellees, by and through Ho-Chunk Nation Department of Justice Attorneys Wendi A. Huling and Bryan J. Van Stippen and Legislative Counsel Mi *430 chael P. Murphy, filed the responsive brief on October 4, 2012. The appellees simultaneously filed a motion to recuse on the basis of an alleged direct personal interest of a presiding judicial official. See HCN Const., art. VII, § 13, available at http:// www. ho-chunknation. com/? Pageld=294. The appellant noted disapproval of the motion in his October 15, 2012, reply brief. Associate Justice Todd R. Matha denied the recusal request in a memorandum opinion issued on October 15, 2012. The Court convened oral argument on October 20, 2012, at 2:30 p.m. CDT.
FACTUAL BACKGROUND
On March 18, 1998, the appellant filed an application for enrollment with the Ho-Chunk Nation following his disenrollment with the Winnebago Tribe of Nebraska. However, the Ho-Chunk Nation Legislature had earlier passed a motion imposing a temporary moratorium on future enrollment, including those involving relinquishment from other federally recognized tribes. Order (Granting Mot. to Dismiss), CV 11-33 (HCN Tr. Ct., May 11, 2012) at 7. As a result, the Office of Tribal Enrollment returned the appellant’s application on or about December 21, 1998. Id. at 7-8.
The Ho-Chunk Nation subsequently passed a constitutional amendment on January 26, 2000, prohibiting the “enrollment [of] any person who has previously been enrolled as a member of another Tribe (including the Winnebago Tribe of Nebraska).” HCN CONST., amend. I. The appellant began to pursue various avenues in hopes of securing enrollment, culminating in the filing of an initial pleading on May 5, 2011. Order (Granting Mot. to Dismiss) at 8-9. The Trial Court dismissed the appellant’s case since it concluded that it could not constitutionally grant the appellant’s requested relief. Id. at 10.
DECISION
This Court possesses the constitutional authority “to interpret and apply the ... laws of the Ho-Chunk Nation,” and may render binding “conclusions of law.” HCN Const., art. VII, §§ 4, 7(a). When reviewing questions of law, the Court employs a de novo standard of review, meaning that it examines a matter anew. Hope B. Smith v. Ho-Chunk Nation et al., SU 03-08 (HCN S.Ct., Dec. 8, 2003) at 5 n. 3. This appeal only involves a legal inquiry since the appellant presents no questions of fact for appellate consideration. Notice of Appeal, SU 12-04 (July 10, 2012) at 1-2; see also Order (Granting Mot. to Dismiss) at 7 (“The facts of the case are not materially disputed.”).
In several filings, the appellant repeatedly contends that the Trial Court can “issue all remedies in law and in equity including injunctive and declaratory relief.” [1] E.g., Notice of Appeal, SU 12-04 (July 10, 2012) (quoting HCN Const., art. VII, § 6(a)). In doing so, the appellant articulates constitutionally enumerated “Powers of the Tribal Court.” Yet, the Trial Court can only discharge such powers in the context of a justiciable case or controversy as required by the preceding *431 constitutional section, entitled “Jurisdiction of the Judiciary.” HCN Const., art. VII, § 5(a).
The doctrine of standing is moored in the concept of justiciability, and traditionally consists of three (3) elements, only one of which is relevant here. A litigant cannot maintain a suit in law or equity if a court lacks the constitutional capacity to redress the alleged wrong. See Timothy G. Whiteagle et al. v. Alvin Cloud, Chair of the Gen. Council, et al., CV 04-04 (HCN Tr. Ct., Aug. 5, 2004) at 25-26, aff'd in part, SU 04-06 (HCN S.Ct., Jan. 3, 2005); Clarence Pettibone v. HCN Legislature et al, CV 01-84 (HCN Tr. Ct., May 15, 2002) at 9-10. In this regard, the Trial Court held that it “is undoubtedly prohibited from issuing a remedy which the Constitution forbids, including the ordered enrollment of those constitutionally ineligible for enrollment.” Order (Granting Mot, to Dismiss) at 10. The Trial Court deduced an inability to redress the appellant’s purported harm, and this Court must join in this assessment. The appellant could have likely sustained a suit prior to the passage of the constitutional amendment, but the appellant regrettably did not seek timely recourse in the Nation’s Judiciary.
AFFIRMED
EGI HESKEKJET.

. The appellant likewise makes several references to an earlier enrollment case in which the plaintiffs unsuccessfully sought retroactive per capita payments due to a perceived enrollment delay. E,g., Supp. of Appeal, SU 12-04 (Aug. 24, 2012) at 4-5 (citing Joan M. Whitewater et al. v. HCN Office of Tribal Enrollment et al., CV 99-62 (HCN Tr. Ct, Apr. 3, 2001), rev’d, SU 01-06 (HCN S.Ct., Oct 31, 2001)). The noted case is distinguishable oil numerous grounds, but principally since the Whitewater plaintiffs gained enrollment in 1996, prior to the passage of the constitutional amendment in question, which regardless would not have impacted the Whitewater case if effective earlier.