*249 DECISION
INTRODUCTION
The appellants requested that this Court determine whether the Trial Court legitimately rendered a substantive ruling on the merits of a case, which it otherwise dismissed for a failure to exhaust administrative remedies. Prior to the issuance of the Trial Court judgment, the administrative agency had dismissed the underlying complaint, thereby impacting the justicia-bility of the Trial Court case and this appeal. The appellee, in turn, offered several defenses against this appeal, including mootness. The Court deems the appeal moot, and acts to vacate the Trial Court judgment as an appropriate exercise of its judicial power.
APPELLATE HISTORY
On January 25, 2016, the appellants, by and through Attorney John S. Swimmer, filed a timely appeal of the Trial Court’s final decision. See HCN R. App. P. 7(b)(1), 11(a), available at http://www.ho-chunknation.com/government/judiciary/ judicial-rules.aspx. This Court issued a scheduling order on February 3, 2016, in which it accepted the appeal and established briefing deadlines. Id., Rule 12. The appellants filed their brief in support of appeal on February 23, 2016, and the appellee, by and through Attorneys Andrew Adams III and Shauna L. Coons, filed a timely responsive brief on March 23, 2016. Id. The appellants submitted an optional reply brief on April 7, 2016. Id. The Court earlier scheduled oral argument within an April 5, 2015 order, and convened such hearing on May 14, 2016, at 11:00 a.m. CDT. Id., Rule 15(a).
FACTUAL BACKGROUND
For purposes of this appeal, the Court recounts only a few essential facts. On July 24, 2015, the appellee, Ho-Chunk Nation Ethics Review Board (“ERB”), received an ethics complaint. Resp. Br. at 1; see also 2 HCC § 1.12a, available at http:// www.ho-chunknation.com/government/ legislature/codes-statutes/codes/codes-2governmentaspx. The appellee contends that the complaint did not assert ethics violations against the appellant, General Council Agency (“GCA”), and, therefore, it omitted the institutional party from the caption of its administrative proceeding. Resp. Br. at 2. Nonetheless, the appellee concedes that “[t]he Trial Court did not clearly articulate this key fact in its order.” [1] Id. (citing Order (Granting Mot. to Dismiss), CV 15-25 (HCN Tr. Ct., Nov. 30, 2015)).
On August 12, 2015, the appellee filed a motion to dismiss in the Trial Court, and, while pending, dismissed its underlying administrative action. Id. at 2-3 (citing In the Matter of Compl. of Valerie Kempen, 2015-HCN BOARD-001 (HCN Ethics Review Bd., Oct. 19, 2015)). Neither party apprised the Trial Court of the administrative dismissal.[2] Id. at 3. The Trial Court ultimately granted the appellee’s disposi-tive motion due to appellants’ “failure to exhaust administrative remedies.” Order (Granting Mot. to Dismiss) at 1; see also *250 id. at 9-10 (“The Court agrees that, as the ERB has not issued a final decision in this matter, the [appellants] have failed to exhaust their administrative remedies and therefore sovereign immunity has not been waived.”)- The Trial Court nonetheless proceeded to determine that the Code of Ethics Act “applied] to the GCA and GCA Representatives.”[3] Id. at 11. On appeal, the ERB asserts, in part, that the action is moot due to its earlier dismissal at the administrative level. Resp. Br. at 8-9.
DECISION
This Court possesses the constitutional authority “to interpret and apply the ... laws of the Ho-Chunk Nation,” and may render binding “conclusions of law.” HCN Const., art. VII, §§ 4, 7(a), available at http://www.ho-chunknation. com/government.aspx. When reviewing questions of law, the Court employs a de novo standard of review, meaning that it examines a matter anew. Hope B. Smith v. Ho-Chunk Nation et al., SU 03-08 (HCN S.Ct., Dec. 8, 2003) at 5 n.3. This case involves a legal inquiry since it concerns the impact that an appellate mootness determination has upon the appealed Trial Court opinion.
As expressed in a recent decision, the Court, in any case, must first deduce whether it possesses subject matter jurisdiction. GCA v. Pine Giroux, SU 15-10 (HCN S.Ct., Dec. 22, 2015) at 2-3. Essentially, the Court must determine whether the alleged dispute “aris[es] under the Constitution, laws, customs, [or] the traditions of the Ho-Chunk Nation.” HCN Const., art. VII, § 5(a). In most instances, the Court must either discern or verify whether the Ho-Chunk Nation Legislature has “enacted a law to which the HCN Trial Court can apply to [a] case.” Ho-Chunk Nation v. Harry Steindorf et al., SU 00-04 (HCN S.Ct., Sept. 29, 2000) at 5. The existence of such a dispute “grants the HCN Courts subject matter jurisdiction,” id. at 3, and this jurisdictional underpinning must continue to exist at every stage of the litigation, including throughout an appeal. Sadat v. Mertes, 615 F.2d 1176, 1188 (7th Cir.1980).[4] A court should independently monitor whether subject matter jurisdiction persists since a judicial act taken in its absence is presumptively null and void. Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006).
No court can act outside the bounds of its established subject matter jurisdiction. See Muskrat v. United States, 219 U.S. 346, 356, 31 S.Ct. 250, 55 L.Ed. 246 (1911). Essentially, a court may exercise subject matter jurisdiction over a cause of action if constitutionally or statutorily empowered to hear such cases in general. See United States v. Cotton, 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002). “Jurisdiction of the subject-matter, is power to adjudge concerning the general question involved, and is not dependent upon the state of facts which may appear in a particular case, arising, or which is claimed to have arisen, under that *251 general question.”[5] Hunt v. Hunt, 72 N.Y. 217, 229 (1878).
While litigants can, and oftentimes do, raise subject matter jurisdiction as an affirmative defense,[6] a failure to do so does not constitute a waiver. In this respect, subject matter jurisdiction markedly differs from its corollary—personal jurisdiction. “The concepts of subject-matter and personal jurisdiction ... serve different purposes, and these different purposes affect the legal character of the two requirements_” Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). More precisely, “the personal jurisdiction requirement recognizes and protects an individual liberty interest,” and “[bjecause the requirement ... represents first of all an individual right, it can, like other such rights, be waived.” Id. at 702-OS, 102 S.Ct. 2099.
Similarly, while other affirmative defenses are subject to waiver, courts have confusingly expressed or held that successful movants have deprived the respective courts of “jurisdiction,” in general terms.[7] This characterization has regrettably led to courts conflating subject matter jurisdiction with immunity,[8] justiciability,[9] and timing defenses, to name a few. The United States Supreme Court, at times, has also engendered or added to the confusion.
By 1998, the Court lamented that jurisdiction “‘is a word of many, too many, meanings.’ ” Steel Co. v. Citizens for Better Env’t, 523 U.S. 83, 90, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (citation omitted). Therefore, it conscientiously attempted to restore primacy to the core concepts underlying subject matter jurisdiction.
*252 [As] ... reflected in a long and venerable line of our cases. “Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.” Ex parte McCardle, 74 U.S. 506, 514 [7 Wall. 506, 19 L.Ed. 264] (1868).[10] “On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes. This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it.” Great S. Fire Proof Hotel Co. v. Jones, 177 U.S. 449, 458 [20 S.Ct. 690, 44 L.Ed. 842] (1900).[11] The requirement that jurisdiction be established as a threshold matter “spring[s] from the nature and limits of the judicial power” ... and is “inflexible and without exception.”
Citizens for a Better Env’t, 528 U.S. at 94-95, 118 S.Ct. 1003 (footnotes added) (quoting Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382, 4 S.Ct. 510, 28 L.Ed. 462 (1884)).[12]
After a forceful admonition,[13] the Court diverted from the cited authority, and incorporated the standing inquiry—a component part of the doctrine of justiciability— into the Court’s examination of jurisdiction.[14] In particular, “[t]h[e] triad of injury in fact, causation, and redressability constitutes the core of [the] case-or-controversy requirement, and the party invoking ... jurisdiction bears the burden of establishing its existence.” Id. at 103-04, 118 S.Ct. 1003. So, regardless of its motivation, the United States Supreme Court has not retained the purity of analysis once expected of an examination of subject matter jurisdiction. Moreover, the Court has sanctioned the preliminary, albeit limited, consideration of defenses arguably unconnected to subject matter jurisdiction.[15]
This Court deemed the above discussion necessary for four (4) reasons. First, litigants, represented or pro se, will continue to assert various defenses with a lengthy *253 and often complicated pedigree. Second, the Court must consequently endeavor to parse the ever-evolving jurisprudence— federal, state, or tribal—to discern fundamental concepts, doctrines, and principles Third, the Court must then correctly apply these defenses and standards within appropriate contexts lest it struggle with an inconsistent and tortured case history. See, e.g., Ho-Chunk Nation et al. v. Nicole Christopherson, SU 15-03 (HCN S.Ct., Sept. 10, 2015) (rectifying the Court’s twenty-year uneven application of standards of review). Finally, tradition and custom can inform and transform each foreign concept if revealed by the Court or parties, and it proves relevant to the matter at hand. Compare HCN Judicial R. Ethics, § 3-1, with id., § 4-1 (D), available at http://www.ho-chunknation.com/ governmenVjudiciary/judicial-rules.aspx.
In the present case, no dispute exists that the Code of Ethics Act affords the jurisdictional backdrop, i.e., the Trial Court had statutory law to apply to the cause(s) of action. Next, the Trial Court held that the appellants failed to exhaust administrative remedies since they filed a premature appeal within an ongoing ERB proceeding. In doing so, the appellants did not strictly adhere to the statutory precondition for an appeal,[16] thereby running afoul of the terms of a limited waiver of sovereign immunity.[17]
At this juncture, the Trial Court should have simply dismissed the case, while possessing some latitude to engage in dicta. But see James Smith et al. v. Ron Wilbur, SU 99-12 (HCN S.Ct., Feb. 9, 2000) (critiquing the Trial Court’s expression of dicta). The Trial Court instead proceeded to hold that the GCA lacked sovereign immunity from suit. This holding constituted an inappropriate advisory opinion, regardless of its potential validity. See George Lewis v. HCN Election Bd. et al, SU 06-07 (HCN S.Ct., Apr. 13, 2007) (“[T]he Supreme Court vacates that portion of its opinion which appears to give an advisory opinion.... ”); see also Janet Funmaker v. Libby Fairchild et al. 7 Am. Tribal Law 61 (2007) (deducing whether an administrative proceeding represents a suit). Further exacerbating the situation, the case became moot a full month before the Court issued its final opinion, and the GCA did not render the administrative action moot by and through its actions.
Therefore, this Court confronts an issue of first impression. Should an invalid Trial Court holding remain unassailable due to the underlying cause(s) of action becoming moot prior to consideration upon appeal? The federal judiciary has historically resolved this conundrum in its approach to the mootness doctrine.
The established practice of the [United States Supreme] Court in dealing with a civil case from a court in the federal system which has become moot while on its way here or pending our decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss.... That procedure clears the path for future relitigation of *254 the issues between the parties and eliminates a judgment, review of which was prevented through happenstance. When that procedure is followed, the rights of all parties are preserved; none is prejudiced by a decision which in the statutory scheme was only preliminary,
United States v. Munsingwear, Inc., 340 U.S. 36, 39-40, 71 S.Ct. 104, 95 L.Ed. 36 (1950) (citation and footnote omitted).[18]
The reference to “happenstance” concerns instances “where a controversy presented for review has ‘become moot due to circumstances unattributable to any of the parties.’ ” U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 513 U.S. 18, 23, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994) (quoting Karcher v. May, 484 U.S. 72, 82, 83, 108 S.Ct. 388, 98 L.Ed.2d 327 (1987)). A vacation of the judgment also remains the appropriate option when “mootness results from unilateral action of the party who prevailed below.” Id. at 25, 115 S.Ct. 386. This manner of judicial recourse constitutes an extraordinary equitable remedy, wherein the Court must consider the public interest. Id. at 25-26, 115 S.Ct. 386; see also Coalition for a Fair Gov’t II v. Chloris Lowe, Jr. et al, SU 96-02 (HCN S.Ct., July 1, 1996) at 7 (citing Tracy Thundercloud v. HCN Election Bd., CV 95-16 (HCN Tr. Ct., Aug. 28,1995) at 3, 6-8) (weighing the “public interest” in the context of a preliminary injunction); cf. HCN Const, art. VII, § 6(a) (acknowledging an ability to grant equitable relief).
Given the dubious circumstance under which the Trial Court issued its substantive ruling below, this Court deems that employing the above mechanism comports with the public interest. The Trial Court should not have rendered a legal finding upon the immunity of the GCA, and the Trial Court opinion should not be entitled to persuasive or preclusive effect. This Court accordingly remands this case to the Trial Court with instructions to vacate its judgment.
REVERSED AND REMANDED
EGI HESKEKJET.

. The institutional appellant filed the initial pleading in the Trial Court action, seeking "to enjoin the [ethics] investigation against the GCA as a matter of sovereign immunity since the [ethics] complaint was brought against the General Council Agency as an entity.” Notice of Appeal at 3. While the parties disagree over the actual subject(s) of the ethics proceeding, this dispute is immaterial to this judgment. See, e.g., Initial Br. at 5 (referring to an exhibit accompanying the ethics complaint that identified the GCA as a party).

. "There had not been any final decision of the ERB, as admitted by the plaintiffs.” Order (Granting Mat. to Dismiss) at 9.

. "General Council Agency seeks not to challenge the underlying investigation, but rather correct the erroneous Trial Court decision, which unnecessarily waives immunity of General Council Agency as an entity.” Reply Br. at 2.

. This Court references external case law as persuasive, not binding, authority, and in an attempt to demonstrate a consistent approach to basic legal principles, "[O]nly decisions by this [C]ourt are limitations on the Trial Court.” Jacob LoneTree et at v. Robert Funmaker, Jr. et al., SU 00-16 (HCN S.Ct., Mar. 16, 2001) at 4.

. Even more precisely, "|j']urisdiction in courts is the power and authority to declare the law. The very word, in its origin, imports us much; it is derived from juris and dico—I speak by the law.” Mills v. Commonwealth, 13 Pa. 627, 630 (1850). Generally speaking, earlier judicial decisions capably addressed core principles, such as subject matter jurisdiction, in unambiguous, elemental terms.
"Jurisdiction over the subject matter is the right of the court to exercise judicial power over that class of cases; not the particular case before it, but rather the abstract power to tiy a case of the kind or character of the one pending; and not whether the particular case is one that presents a cause of action, or under the particular facts is triable before the court in which it is pending, because of some inherent facts which exist and may be developed during the trial.”
Richardson v. Ruddy, 15 Idaho 488, 98 P. 842, 844 (1908) (quoting Brown on Jurisdiction of Courts § la (1st Ed. 1891)).

. See HCN R. Civ. P. 6(A), available at http;// www. ho-chunknation. com/govemment/ judiciary/judicial-rules.aspx ("The Answer shall state ... any defenses to the Complaint.").

. In Compagnie des Bauxites de Guiñee, the Court carefully avoided this morass, but chastised the appellants for their carelessness. “Petitioners fail to recognize the distinction between the two concepts—speaking instead in general terms of ‘jurisdiction’—although their argument’s strength comes from conceiving of jurisdiction only as subject matter jurisdiction.” 456 U.S. at 701, 102 S.Ct. 2099.

. “[Sjovereign immunity is a jurisdictional consideration separate from subject matter jurisdiction....” In re Prairie Island Dakota Sioux, 21 F.3d 302, 305 (8th Cir.1994); see also United States v. County of Cook, 167 F.3d 381, 389 (7th Cir.1999) ("[W]hat sovereign immunity means is that relief against the [sovereign] depends on a statute; the question is not the competence of the court to render a binding judgment, but the propriety of interpreting a given statute to allow particular relief,”).

. "Standing is concerned with whether the parties have the right to bring suit. Subject matter jurisdiction is concerned with whether the court has the power to hear a case.” Aid. Waste Coalition. Inc. v. Md. Dep't of Env’t, 84 Md.App. 544, 581 A.2d 60, 61 (1990).

. The McCardle Court confronted an instance where Congress repealed the provision upon which the plaintiff based the cause of action. 74 U.S. at 514 (" '[W]hen an act of the legislature is repealed, it must be considered, except as to transactions past and closed, as if it never existed.' ”). As such, the case purportedly involved a federal question inquiry, which equates with the Nation’s preliminary examination under article VI, section 5(a). Supra p. 250.

. The Jones Court encountered a question of diversity jurisdiction for which the Nation has no analogue. This second category of federal subject matter jurisdiction can converge with an examination of personal jurisdiction, but the two doctrines are not coterminous.

. But cf. Ruhrgas AC v. Marathon Oil Co., 526 U.S. 574, 577-78, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999) (permitting a precedential review of personal jurisdiction, especially when considerably less onerous than a subject matter jurisdiction inquiry); see also Sino-chem Int’l Co. v. Malaysia Int’l Skipping Corp., 549 U.S. 422, 127 S.Ct. 1184, 167 L.Ed.2d 15 (2007) (allowing a court to first address abstention concerns since a venue examination does not involve an assessment of the merits).

. "For a court to pronounce upon the meaning or constitutionality of a ... law when it has no jurisdiction to do so is, by very definition, for a court to act ultra vires.” Citizens for a Better Env’t, 523 U.S. at 101-02, 118 S.Ct. 1003; cf. HCN Const., art. VII, § 4 (declaring the powers of the Judiciary).

. See, e.g., Henry GreenCrow, Jr. v. Ho-Chunk Nation et al., 11 Am. Tribal Law 429, 431 (2012) (linking the doctrine of justiciability with the constitutional case and controversy clause).

. Infra note 12.

. "A party may appeal an Ethics Review Board decision to the Trial Court within 30 calendar days of when the Ethics Review Board [final] decision is served by mail.'' 2 HCC § 1.21a.

. In some instances, a legislative body may impose exhaustion as a pre-condition in a waiver of sovereign immunity. See Irwin v. Dep’t of Veterans Affairs, 498 U.S. 89, 94-96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). The branches and sub-entities of government remain under the umbrella of sovereign immunity, which must be expressly waived by the Legislature to enable a suit. CKloris Lowe, Jr. v. Ho-Chunk Nation et al, SU 97-01 (HCN S.Ct., June 12, 1997) at 2-4 (citing HCN Const., art. XII, § 1).

. Stated otherwise.
where for any reason the Court may not properly proceed with a case brought to it on appeal, or where for any reason it is without power to proceed with the appeal, it may nevertheless, in the exercise of its supervisory appellate power, make such disposition of the case as justice requires .... If a judgment has become moot, this Court may not consider its merits, but may make such disposition of the whole case as justice may require.
Walling v. James v. Reuter, Inc., 321 U.S. 671, 676-77, 64 S.Ct. 826, 88 L.Ed. 1001 (1944).