DAVID HERRON, RESPONDENT, *v.* DANIEL M. JURY, APPELLANT.

CONTINUANCE—DISCRETION.—An application for a continuance is one addressed to the sound and impartial discretion of the court, which should be supported by all the facts and circumstances appertaining to the case.

APPEAL from the third judicial district, Ada county.

*Scanker & Burmester,* for the appellant:

Although the granting or refusing to continue a cause is said to rest in the discretion of the court, that discretion must be exercised in accordance with established rules, and the settled course of the court, for a court has no discretionary power in opposition to the settled principles of law and equity. (Hilliard on New Trials, secs. 9, 10, p. 9.) Besides there is a distinction between judicial and arbitrary discretion, and judicial discretion ought, and is, always exercised in such a manner as will best answer the ends of justice.    (Hilliard on New Trials, secs. 12, 13, p. 10; 5 Wend. 114; 10 Id. 292; 18 Id. 534.)

*W. A. George,* for the respondent:

The court committed no error in overruling the motion. It was a matter within the discretion of the court, and the ruling will not be disturbed by this court unless it manifestly

appears that the court below was guilty of a gross abuse of discretion. (*Musgrove* v. *Perkins,* 9 Cal. 211; *Pilot Rock Creek Canal Co.* v. *Chapman,* 11 Id. 161; *Griffin* v. *Polhemus et al.,* 20 Id. 180.)

McBRIDE, C. J., delivered the opinion of the court, CUMMINS, J., concurring.

This cause was tried in the district court, and judgment rendered for the plaintiff. Before going into the trial, the defendant filed his motion for a continuance on the ground of the absence of material testimony, supporting the motion by his affidavit setting forth the grounds, and it having been overruled the plaintiff took exceptions thereto. After the trial the plaintiff moved for a new trial, and upon this motion used the same affidavit as in the former one, alleging error in the first ruling; and it having been overruled, plaintiff took his exception and brings the case into this court, and assigns as error:

1. That the court below erred in refusing to grant the continuance asked for.

2. That the court below erred in denying the motion for a new trial.

The case is one of considerable importance in practice, and we desire to settle the point upon its merits. An application for a continuance is one addressed to the discretion of the court before which it is made. By this it is not meant an arbitrary discretion, controlled by caprice or whim, but a sound and impartial discretion, which should be supported by all the facts and circumstances appertaining to the case. It belongs to that class of applications which can not in the nature of things, be defined with such accuracy and certainty as is attainable in other cases; and hence, while there is some approximation to rules in matters of discretion, it is only an approximation, and nothing more; and hence, courts of review have uniformly refused to disturb a ruling on such questions unless it is shown that the discretion was abused and the ruling arbitrary.

In this case the affidavit is in the usual form, and if there was nothing in the circumstances surrounding the whole

case to rebut the showing, it is presumed the application named would have been granted. We think, however, that the affidavit, while sufficiently broad in its affirmations to entitle it to be regarded favorably, was nevertheless weak in some of its particulars. It states that the defendant could not proceed to trial on account of the absence of Robinson; states the materiality of his testimony, and that the defendant expects to be able by the next term to obtain it. While this is all uncontroverted, and would seem to authorize a continuance, its form is much weakened by the admitted fact that the absent witness is in the Atlantic states somewhere; that although he has been written to frequently at his supposititious residence, no response has ever been received, and that nothing like positive information of his whereabouts exists. To say, under such circumstances, that there was any reasonable probability of obtaining his testimony by another term would be trusting greatly to chance, and if a party's conscience, under these facts, were sufficiently elastic to swear to his expectations, it would only furnish an additional reason for scrutinizing the affidavit with greater vigilance. It is for the reason that an affidavit may comply formally with all the requirements of the statute, and yet when all the facts known to the judge are considered with it no proper showing is made, that a judge may still overrule it in the exercise of a sound discretion. If it were a matter of right, whenever an applicant brought himself within the rule by the terms of his affidavit, the court would be bound to grant his application. But it is a matter of sound discretion; the judge may and should consider not only the affidavit, but the whole case, and with a view to substantial justice, grant or deny the motion. No more delicate or responsible duty devolves upon judges than this, and their decisions are sustained, unless it appear that they are harsh and arbitrary.

I see nothing in this case to show that the denial was not in the exercise of a sound and wise discretion. As the errors assigned rest on this one point, the above is sufficient to dispose of the case.

Judgment affirmed.