JAMES H. ALVORD ET AL., PLAINTIFFS IN ERROR, *v.* THE UNITED STATES, DEFENDANT IN ERROR.

CONTINUANCE.—A party is not entitled to a continuance of a cause without showing due diligence and the use of legal means to procure the desired evidence. A bare request to furnish the evidence is, in no sense, a compliance with the requirements of the law.

DUE DILIGENCE.—Where a witness is beyond the reach of the process of the court, a party desiring his testimony must sue out a commission to take his deposition, and a failure to do so shows a want of due diligence and a neglect to use the proper means to obtain the evidence.

PRODUCTION OF DOCUMENTS—NOTICE—PRACTICE.—When documentary evidence which a party needs in the trial of a cause, is in the hands or under the control of the opposite party, before the latter can be required to produce it on the trial, he must have due notice thereof. When he has it in his possession, in court at the trial, notice at the time is sufficient; otherwise, to be effectual, it must be served upon him a sufficient length of time before the trial to enable him to produce it.

JUDGMENT ON THE PLEADINGS.—If the allegations of a complaint are not denied by the defendant, the plaintiff is entitled to a judgment on the pleadings, without any proof on his part.

OFFICIAL BOND—CONVERSION.—In an action upon an official bond for a breach of duty, an allegation that the defendant unlawfully converted money to his own use, does not change the action into one of tort.

ERROR to the district court of the first judicial district, Nez Perce county.

*Smith & Kelly*, for the plaintiffs in error.

*J. W. Huston, United States district attorney*, for the defendant in error.

HOLLISTER, J., delivered the opinion.  WHITSON, J., concurred.

This is a suit brought by the United States on an official bond executed by the defendant Alvord, as marshal of the territory of Idaho, as principal, and the other defendants as securities, for the sum of six thousand two hundred and ten dollars and sixty-three cents balance of the sum of twenty thousand dollars, which the complaint alleges Alvord received, to be paid, laid out, and expended in paying the expenses of the several courts of the United States within the territory, and to account therefor to the proper accounting officers of the treasury department, and that he failed to do so, but converted the same unlawfully to his own use.  The answer admits the receipt of the money for such purpose, but pleads as a set-off the payment of the same for various other purposes and on various other accounts for which the United States were responsible.

There is a general denial of indebtedness as charged in the complaint, but this denial, when taken in connection with the accounts on which it is claimed the money was expended, must be understood that he is not indebted because such accounts constitute a valid and complete set-off to the plaintiffs' demand.

The answer contains a statement or bill of particulars of the account thus pleaded as a set-off, by which it appears that it consisted of items entirely different from the expenditure which it was his duty to make, as, for instance, two thousand one hundred and two dollars and fifty cents for office rent; five hundred dollars for expenses in pursuit of a person charged with robbing the mail; two hundred and eighteen dollars and fifty cents for guarding prisoners; four hundred and eighty-two dollars and twenty-five cents for expenses in pursuing a person indicted for embezzlement; four hundred and eighty-seven dollars and fifty cents for suppress-

ing a riot; three hundred and twenty-six dollars and twenty-five cents for expenses in capturing an escaped criminal; six hundred dollars expenses in taking care of United States property and bringing the same to Boise city; and various other items, none of which, except, perhaps, the sum of one hundred and fifty-three dollars and seventy-two cents, were expended in defraying the expenses of the courts, as it was alleged it was his duty to do.

On the trial the plaintiff's counsel submitted his case to the jury without offering any evidence in support of it, whereupon the defendants moved for a nonsuit, which motion was denied by the court. In this we think the court committed no error, as the plaintiffs by the pleadings were entitled to judgment. The defendants then introduced their testimony, and the jury rendered a verdict against them for three thousand four hundred and fifty-nine dollars and twenty cents, and there was judgment accordingly. Before the case was called for trial, the defendants moved for a continuance on the ground of their inability to prepare for the trial, and because they needed testimony material to the defense.

It appears from the affidavits filed in support of the motion, that defendants had made application to the accounting officers of the treasury department for vouchers, which it was claimed would show the expenditure of the moneys as stated and set forth in the answer, and which had been sent to the department on settlement of accounts, which accounts had been disallowed. The affidavits also showed that like application had been made for a transcript of Alvord's accounts with the government, and that both applications had been denied. The affidavits showed further that information of such refusal had been so recently received that the defendants had not had time to prepare for the trial for want of such testimony. This motion was denied by the court, and exceptions taken to the ruling of the court thereon. We are unable to discover that the court erred in overruling this motion.

The defendants were required to show, not only reasonable diligence in their efforts to procure the testimony, but

also that they had employed the necessary means therefor. The persons who had the custody of these vouchers, and who alone could furnish the transcript, were beyond the jurisdiction of the court and out of the reach of its process, and it therefore became the duty of the defendants to sue out a commission to take their depositions, and to have attached thereto a copy of the required papers. This they failed to do. It is urged, however, that the vouchers and transcript, being in the possession and under the control of the adverse party, it was bound to furnish them, on request, for the use of the defendants; conceding, for the sake of the argument, that these accounting officers represented the government for this purpose, still the defendants did not pursue the proper method to attain the object.

It is a well-settled rule that if documentary evidence is in the possession and under the control of a party to a suit, which is material to the adverse party, he can not be required to produce it, except upon due notice. If such party has the evidence in his possession in court at the trial, notice upon the trial is sufficient; if not, then the notice must be served in time to enable him to produce it on the hearing of the case. In this case the defendants had no legal right to demand these vouchers of the accounting officers. They became a part of the records or files of the department as evidence of the claims which had been rejected, and as proof of their invalidity, and could not, without detriment to the public service, be withdrawn from the office. The most that defendants could require were office copies of the papers as evidence.

The claim that this was an action *ex delicto*, because the complaint alleges a conversion of the money to Alvord's use, is not tenable. It is true the allegation is not in apt terms to charge Alvord with having received the money to plaintiff's use, yet taken in connection with the whole of the complaint, this is to be considered as its legal effect, and as in no sense the conversion of an action *ex contractu* into one in tort.

On the whole, we discover no error in the proceedings of the court below, and its judgment must therefore be

    Affirmed.