(December 23, 1908.)

LAURA RANKIN, Respondent, *v.* SOL CALDWELL, Appellant.

[99 Pac. 108.]

APPLICATION FOR CONTINUANCE — ABSENCE OF COUNSEL — ABSENCE OF WITNESS — EVIDENCE — AMENDING PLEADING — STRIKING OUT EVIDENCE.

1. An application for a continuance is addressed to the sound discretion of the trial court, and his ruling thereon will not be disturbed on appeal, unless it appears that there has been abuse of such legal discretion.

2. It is not an abuse of the legal discretion vested in the trial court to deny an application for a continuance upon the sole ground that the applicant's counsel is ill, where no affidavit of merits is filed, showing that the applicant has a meritorious cause or defense

and that other counsel cannot be procured who are able to try said case.

3. It is not error for the trial court to overrule a motion for a continuance on account of the absence of a witness, where the only showing of diligence is that the witness agreed to be present.

4. A party is not entitled to a continuance on account of the absence of a witness, without showing due diligence and the use of legal means to secure the attendance of such witness.

5. An affidavit which states that a witness is ill and unable to attend trial is not sufficient to authorize the trial court to grant a continuance. The affidavit should further show that the party making such statement is qualified to make the same by reason of his knowledge of the witness' condition.

6. Where one of the issues in a case is the value of personal property, the owner of such property is qualified, and may be permitted to state the value of such property, as the owner is presumed in some way to be familiar with the value of such property.

7. Amendments to pleadings rest largely in the discretion of the trial court, and the rulings of the trial court will not be disturbed on appeal, unless it appears that the exercise of such discretion has deprived the party complaining of some substantial right.

8. Where one of the issues in the case is the value of property, it is not error for the trial court to permit the complaint to be amended to conform to the proof as to the value of such property.

9. Where the ownership and value of personal property is the only issue for trial, and there is no conflict in the evidence as to the ownership, statements made by a third party to the defendant as to the ownership cannot bind the plaintiff without showing in some way that the plaintiff had knowledge of the acts of the third party or consented thereto, or in some way ratified his acts in relation to such property, and upon proper motion, such evidence improperly admitted will be stricken out.

(Syllabus by the court.)

APPEAL from the District Court of the Second Judicial District, for Nez Perce County. Hon. Edgar C. Steele, Judge.

An action to recover possession of personal property or its value. Judgment for plaintiff. *Affirmed.*

Geo. W. Tannahill, for Appellant.

"Sickness of counsel where there is but one, or of the leading counsel where there are several, is a sufficient ground for

the continuance of a cause, especially where the sickness is so sudden that another cannot under the circumstances do justice to the cause.'' (*Myers v. Trice*, 86 Va. 835, 11 S. E. 428; *La Branch v. Montegut*, 47 La. Ann. 674, 17 South. 247; *Bagwell v. State*, 56 Ga. 406; *Rice v. Melendy*, 36 Iowa, 166; *Rhode Island v. Massachusetts*, 11 Pet. 226, 9 L. ed. 697; *Daugherty v. State*, 33 Tex. Cr. 173, 26 S. W. 60; *Thompson v. Thornton*, 41 Cal. 626; *Brice v. Shulz*, 6 Phila. (Pa.) 264; *Eslinger v. East*, 100 Ind. 434; *Morehouse v. Morehouse*, 136 Cal. 332, 68 Pac. 976.)

''Where an illness sufficient to prevent attendance is shown, it is not necessary to show further that the witness had been subpoenaed or tendered his fees. And if the witness is a material one, a refusal to grant a continuance is reversible error, where it is shown that he cannot attend without danger to his health or life.'' (9 Cyc. 105; *Post v. Cecil*, 11 Ind. App. 362, 39 N. E. 222; *Michelsen v. Spies*, 83 Hun (N. Y.), 509, 32 N. Y. Supp. 17; *Douglas v. Blakemore*, 12 Heisk. (Tenn.) 564; *Dillingham v. Ellis*, 86 Tex. 447, 25 S. W. 618; *Briggs v. Garner*, 54 Ind. 572; *Wright v. Levy*, 22 Minn. 466; *Yori v. Cohn*, 26 Nev. 206, 65 Pac. 945, 67 Pac. 212; *Huber v. Mother Aurelia*, 13 Ida. 276, 89 Pac. 942.)

Witnesses who are not strictly experts may testify as to the value of property. They must, however, have some knowledge on which to base their opinion, but if they are not acquainted with or have no knowledge of the matter in question so that their opinion can in no way aid the jury, the court should refuse to permit them to give an opinion which would necessarily be a mere guess or conjecture. (Elliott, Evidence, sec. 6689; *Berg v. Spink*, 24 Minn. 138; Wigmore, Evidence, sec. 717; *Daly v. Kimball Co.*, 67 Iowa, 132, 24 N. W. 756; *Russel v. Hayden*, 40 Minn. 88, 41 N. W. 456; *Cooper v. Randall*, 59 Ill. 320.)

The amendment which the court permitted the plaintiff to make to her complaint at the close of the evidence was a material amendment, one of substance and not of form; no notice was given the defendant that such an amendment would be required. (*Barber v. Briscoe*, 8 Mont. 214, 19 Pac. 589; *Vermont Loan & Trust Co. v. McGregor*, 5 Ida. 510, 51 Pac. 104;

*Leavenworth etc. R. Co. v. Van Riper,* 19 Kan. 317; *May v. State Bank,* 9 Ind. 234; *Peterson v. Chicago etc. R. Co.,* 108 Fed. 561; *Work v. Tibbits,* 133 N. Y. 574, 30 N. E. 1149.)

Clay, McNamee, and H. G. Redwine, for Respondent.

It would have been an easy matter for defendant to arrange for the employment of other counsel, and, under the circumstances, if he failed to do so it was through lack of diligence. (*Condon v. Brockway,* 157 Ill. 90, 41 N. E. 634; *Board of Commrs. v. Brown,* 4 Ind. App. 288, 30 N. E. 925; *Kessel v. O'Sullivan,* 60 Ill. App. 548.) Affidavit must show that defendant could not safely go to trial without absent counsel, which he expects to have present at next term of court. (4 Ency. Pl. & Pr. 879; 9 Cyc. 138; *Lamar v. McDaniel,* 78 Ga. 547, 3 S. E. 409.)

The affidavit of defendant is insufficient, in that it does not show that due diligence had been used to procure the attendance of the absent witness. He should have resorted to the process of the court. (*Kuhland v. Sedgwich,* 17 Cal. 123; *People v. Jocelyn,* 29 Cal. 563; *People v. Weaver,* 47 Cal. 108; *Alvord v. United States,* 1 Ida. 585.)

The matter of granting or refusing a continuance rests in the sound discretion of the court. (*Herron v. Jury,* 1 Ida. 164; *Reynolds v. Corbus,* 7 Ida. 481, 63 Pac. 884; *Richardson v. Ruddy,* 10 Ida. 151, 77 Pac. 972; *Lillienthal v. Anderson,* 1 Ida. 676; *Carey v. Philadelphia etc. Co.,* 33 Cal. 694; 9 Cyc. 146; *Yori v. Cohn,* 26 Nev. 206, 65 Pac. 945, 67 Pac. 212.) The owner of personal property may testify to its value without having qualified as an expert. (*Western Home Ins. Co. v. Richardson,* 40 Neb. 1, 58 N. W. 597; *Tubbs v. Mechanics' Ins. Co.,* 131 Iowa, 217, 108 N. W. 324; *Mercer v. Voce,* 67 N. Y. 56; Wigmore, Evidence, sec. 716; *Union Pacific R. R. Co. v. Lucas,* 136 Fed. 374, 69 C. C. A. 218; *Osmers v. Fuery,* 32 Mont. 581, 81 Pac. 345; *Spring Valley Water Co. v. Drinkhouse,* 92 Cal. 528, 28 Pac. 681; *Thomason v. Capital Ins. Co.,* 92 Iowa, 72, 61 N. W. 843; *Tubbs v. Garrison,* 68 Iowa, 44, 25 N. W. 921; *Shea v. Hudson,* 165 Mass. 43, 42 N. E. 114.)

"Amendments to pleadings rest largely in the discretion of the court, and rulings thereon by the trial court will not be disturbed on appeal, except it appear that the exercise of such discretion has deprived the party complaining of some substantial right." (*Palmer v. Utah & Northern Ry. Co.,* 2 Ida. 384, 16 Pac. 553; *Kroetch v. Empire Mill Co.,* 9 Ida. 282, 74 Pac. 868.) As the proof of plaintiff showed the value of the rings to be $500 instead of $400, the action of the court in allowing the amendment was in the interest of substantial justice, and in no manner prejudiced the rights of the defendant. (*Hancock v. Board,* 140 Cal, 554, 74 Pac. 47; *Cain v. Cody* (Cal.), 29 Pac. 778, and cases cited.)

STEWART, J.—This is an action to recover possession of two diamond rings, alleged to be of the value of $250 each. The plaintiff alleges that she is the owner and entitled to the possession of said property. The plaintiff did not file the affidavit provided for by the statute, where immediate delivery is claimed. The defendant answers the complaint and denies the plaintiff's ownership and right of possession of said rings, and denies that they are of the value of $250 each, or any greater sum than $125 each. The defendant admits that he holds and detains said property from the possession of plaintiff, but denies that he does so unlawfully, and alleges that said rings were pledged to him as security by one Harry Noyes, and that such pledge was made by and with the consent and approval of the plaintiff. The case was set for trial before a jury sometime prior to February 5, 1908, and when the case was called for trial on February 5th, the defendant made a motion for a continuance and filed his affidavit made on that day in which he swears "that he cannot safely go to trial at this term of the above-entitled court on account of the absence of his attorney, John Green, who is confined to his bed with illness in Culdesac, Nez Perce county, state of Idaho, and conduct the trial of this case; that affiant did not know that the said Green would be unable to appear in court at the time this case was set for trial until yesterday morning, the 4th day of February, A. D. 1908; that affiant has consulted no other attorney regarding this case, and had retained no

other attorney, and it would be an injustice to affiant to compel him to go to trial without the presence of his attorney.

"That affiant expects to have present for the purpose of testifying in this cause at the trial of the same one George Martin, who is the cashier of the Bank of Culdesac, and who is confined to his bed with illness, and unable to appear to attend the trial of this cause; that affiant did not have a subpoena issued for the said George Martin, for the said Martin agreed and intended to attend upon the trial of this· cause, and would have been present had he not been detained on account of his illness."

The affidavit then continues to set forth what the affiant claims Martin will testify to if present at the trial. An affidavit of Dr. E. L. Burke was also filed, to the effect that Mr. Green was suffering with la grippe, confined to his bed under the instruction of the physician, and that it would be injurious and probably fatal for him to leave his bed or make any effort whatever to appear as an attorney on the 5th day of February. The affidavit of Mr. Green, made February 4th, was also filed to the effect that he was attorney for the defendant in the above action, and that the defendant had consulted no other attorney concerning his interest in said action, and that he was unable to appear in the district court on the 5th as attorney for the defendant, because of illness.

The district court overruled the motion for a continuance, and the cause went to trial before a jury and a verdict returned for the plaintiff, assessing the damages at $450. A motion for a new trial was made and overruled, and this appeal is from the judgment and from the order overruling the motion for a new trial. The first error assigned is, that the trial court erred in overruling the motion for a continuance. It will be observed from an examination of the affidavit that the continuance was asked for upon two grounds: First, because of absence of counsel on account of illness; second, on account of absence of witness, because of illness and failure to attend. The affidavit shows that John Green, defendant's counsel, was ill and unable to attend the trial of said cause; that defendant had knowledge of this fact on the 4th day of February, the day prior to the day upon which the cause was

set for trial. The defendant made no effort to secure other counsel, and there is no showing in the affidavit that the case was in any way complicated or difficult, or that other counsel could not have been procured who could have familiarized himself with and properly tried said case on the 5th. In this respect the affidavit is insufficient. A party to a suit cannot have a postponement of the trial upon the ground of illness of counsel, without showing diligence on the part of such applicant to secure other counsel or to consult other counsel as to the merits of the case for the purpose of ascertaining whether or not other counsel can be secured who can properly try said case. If the mere fact that counsel for the applicant is ill is sufficient to secure a continuance, then it might be possible to prevent a cause from ever reaching trial. The applicant must show diligence on his part in supplying the place of the counsel who is ill, or show some reason why it is not done. A motion for a continuance is addressed to the sound discretion of the trial court, and his ruling thereon will not be disturbed on appeal, unless it appears that there has been an abuse thereof. (*Herron v. Jury,* 1 Ida. 164; *Lillienthal v. Anderson,* 1 Ida. 676; *Cox v. Northwestern Stage Co.,* 1 Ida. 376; *Richardson v. Ruddy,* 10 Ida. 151, 77 Pac. 972; *Robertson v. Moore,* 10 Ida. 115, 77 Pac. 218; *Holt v. Gridley,* 7 Ida. 416, 63 Pac. 188; *Reynolds v. Corbus,* 7 Ida. 481, 63 Pac. 884.)

It is not an abuse of the legal discretion vested in the trial court to deny an application for a continuance upon the sole ground that applicant's counsel is ill, where no affidavit of merits is filed showing that the applicant has a meritorious cause or defense and that other counsel cannot be procured who are able to try said case. (*Condon v. Brockway,* 157 Ill. 90, 41 N. E. 634; *Harloe v. Lambie,* 132 Cal. 133, 64 Pac. 88; *Berentz v. Belmont Oil Co.,* 148 Cal. 577, 113 Am. St. Rep. 308, 84 Pac. 47; *Thompson v. Thornton,* 41 Cal. 626.) As to the sufficiency of the affidavit on account of the absence of a witness, the affidavit as to the absence of the witness Martin does not show the facts upon which the statement is made that the witness is ill and unable to attend said trial. The affidavit does not allege that the applicant knows this as a fact, or disclose from whom he procured the information, or that he him-

self or the person from whom he procured the information was qualified to say that such witness was too ill to attend said trial. It does not disclose whether the statement is made upon personal knowledge of the affiant or upon information. Neither does the affidavit show any diligence exercised by the applicant to procure the attendance of the witness. The fact that the witness agreed to be present is not such a showing of diligence as will be sufficient to secure a continuance for failure of such witness to attend. A party is not entitled to a continuance of a cause without showing due diligence and the use of legal means to procure the desired evidence. A bare request to furnish the evidence is in no sense a compliance with the requirements of the law. (*Alvord v. United States*, 1 Ida. 585; *Kuhland v. Sedgwick*, 17 Cal. 123; *Lightner v. Menzel*, 35 Cal. 452.) For these reasons the court committed no error in overruling the motion for a continuance.

It is next argued that the trial court erred in overruling an objection to the following question propounded to the plaintiff upon direct examination: "Q. What are the values of those rings?" Prior to the asking of this question the witness had been asked where she got these rings, and she had testified that she bought them in Spokane, in 1901, and had owned them ever since. The general rule, that to qualify a witness to testify as to market value, a proper foundation must be laid showing the witness to have knowledge upon the subject, does not apply to a party who is testifying to the value of property which he owns. The owner of property is presumed, in a way, to be familiar with its value, by reason of inquiries, comparisons, purchases and sales. The weight of such testimony is another question, and may be affected by disclosures made upon cross-examination as to the basis for such knowledge, but this will not disqualify the owner as a witness. The authorities upon this question fully support the text in 17 Cyc. 113, as follows: "The owner of chattels is qualified by reason of that relationship to give his estimate of their value. Thus it has been held that he may state the value of his building materials, carriages, wagons, etc., horses, cattle, or other domestic or farm animals, clothing, crops, whether standing or severed, farm implements, household furniture,.

stock of goods, or other articles, although the knowledge is recently acquired and is based in part upon the result of inquiries made of experts and others. He is even permitted to estimate the value of property of an intangible nature, such as the goodwill of a business.'' We find no error in overruling the objection to this question.

It is next urged that the trial court erred in permitting the plaintiff to amend her complaint after the evidence had been submitted. The complaint alleged the value of the property to be $400. After the evidence had been closed plaintiff asked leave and was allowed to amend her complaint to conform to the proof by alleging the value to be $500. This is assigned as error. The amendment allowed was not the statement of a new cause of action; it is merely the statement of a further fact, to wit, as to the value in the cause of action already stated. In the case of *Palmer v. Utah & Northern Ry. Co.*, 2 Ida. 382, 16 Pac. 553, this court announced the general rule: ''Amendments to pleadings rest largely in the discretion of the court, and rulings thereon by the trial court will not be disturbed on appeal, except it appear that the exercise of such discretion has deprived the party complaining of some substantial right.'' Also *Small v. Harrington*, 10 Ida. 499, 79 Pac. 461. In the case under consideration, the value of the property was one of the issues made by the pleadings, and the amendment did not change or alter that issue but still left the value as an issue in the case. The same facts were admissible in evidence under the issue tendered by the amendment and the answer thereto, as were tendered by the original allegation and the answer thereto. (*Kroetch v. Empire Mill Co.*, 9 Ida. 277, 74 Pac. 868.)

Under the provisions of Rev. Stat., sec. 4229, great liberality should be allowed in permitting amendments to be made in furtherance of justice. Under this statute it is clearly within the discretion of the trial judge to permit amendments to be made after the close of the evidence to conform to the proof. The court committed no error in allowing the plaintiff to amend her complaint.

It is next urged that the trial court erred in striking out certain evidence. At the close of the defendant's evidence,

counsel for plaintiff made a motion "to strike out the entire evidence of the witnesses, except on questions of value of the rings, for the reason that no agency is shown to have existed between the plaintiff and Harry Noyes, or that he had authority to bind this plaintiff in the alleged transaction between Noyes and Caldwell, and there is no allegation under the terms of the answer whereby the defendant alleges he believes any statement or statements made by Noyes to him, or that he was misled thereby, and for the further reason that the evidence is incompetent, irrelevant and immaterial and hearsay, and not in any way binding upon the plaintiff in this action." This motion was sustained. The evidence to which this motion was addressed related to statements made by the witness Caldwell as to what Harry Noyes told him about the property, and as to how he, Caldwell, obtained possession of the property in controversy, but there was no pretense on his part that Noyes, from whom he obtained possession of the property, was the owner of such property, or that Noyes had any authority to pledge or turn said property over to the defendant, or that Noyes had any right to the possession of said property at the time the same was turned over to the defendant. In the absence of proof tending in some way to show that Noyes was the owner of the property or had authority from the owner to pledge the same to the defendant, and it clearly appearing that the plaintiff was the owner and entitled to the possession of said property, there was no error in sustaining said motion. We find no error in the record in this case, and the judgment will be affirmed. Costs awarded to respondent.

Ailshie, C. J., and Sullivan, J., concur.