(October 29, 1909.)

## GEORGE H. STORER, Respondent, v. HENRY HEITFELD and FRED T. DUBOIS, Appellants.

[105 Pac. 55.]

BILL OF EXCEPTIONS—FORM—MOTION FOR NEW TRIAL—AFFIDAVITS—MOTION FOR CONTINUANCE—SUFFICIENCY OF SHOWING.

1. A document or paper may be made a part of a bill of exceptions by reference, without copying the same therein, providing the identification is sufficient and the paper or document, purporting to

be thus identified in the bill, is placed in the record; and in the absence of a showing to the contrary, the court will presume that the document or paper appearing in the record is the one identified in the bill of exceptions.

2. The statute of this state does not require a formal motion to be made for a new trial; yet it contemplates a motion for a new trial, and when such motion is put in writing and filed as a part of the records in the case, the same will not be stricken.

3. Under the provisions of sec. 4441, Rev. Codes, a party intending to move for a new trial must, within ten days, serve notice, designating therein the grounds upon which the motion will be made, and whether the same will be made upon affidavits, etc.; and under the provisions of subd. 1 of said section, if the motion is to be made upon affidavits, the moving party must within ten days after service thereof, or such further time as the court or judge may allow, file such affidavits with the clerk.

4. And where the notice of intention to move for a new trial does not state that the motion will be based upon affidavits, it is improper to file affidavits, and if filed, the same will be stricken from the records.

5. Where a notice of intention to move for a new trial states that the motion will be based upon affidavits, such affidavits must be filed within ten days after the service of such notice, unless the court or judge allow further time to file the same.

6. A motion for a continuance is addressed to the sound discretion of the trial court, and his rulings thereon will not be disturbed on appeal unless it appears there has been an abuse thereof.

7. A motion for a continuance upon behalf of two defendants, which shows that the defendants agreed that the cause might be set down for trial, and in accordance therewith one of the defendants consented for said cause to be set for trial, and afterward notified his codefendant of such fact, and at such time such codefendant was absent from the state attending to the burial of a deceased brother, and for that reason was unable to be present at the time the cause was set for trial; and it appearing that the defendants have a good defense to said action, and that the absent defendant can be present at the next term of the district court, and it further being shown what facts the absent defendant will testify to, and that such facts are pertinent and in support of the defendants' defense to said action; and it appearing that the application for a continuance is made in good faith, it is error for the trial court to overrule the motion for a continuance.

(Syllabus by the court.)

APPEAL from the District Court of the Second Judicial District, for Nez Perce County. Hon. Edgar C. Steele, Judge.

An action to recover debt. Judgment for plaintiff. Defendants appeal. *Reversed.*

Clay McNamee, and James L. Harn, for Appellants.

"It is error to refuse to grant a motion for a continuance on account of the absence of a witness, or admit the affidavit in evidence, when it is in due form, and shows the evidence to be material, and the inability of the affiant to procure his attendance." (*Switzer v. Lottenville,* 4 Ill. App. (4 Bradw.) 219; *Bradbury v. Dougherty,* 7 Blackf. (Ind.) 467; *Wardlaw v. Wardlaw,* 39 Ga. 53; *Robertson v. Woolley,* 6 Wash. 156, 32 Pac. 1060.)

"A continuance on account of the serious illness of the plaintiff is properly granted." (*Elliott v. Field,* 21 Colo. 378, 41 Pac. 504.)

All of the portions of the transcript on appeal sought to be stricken on the grounds specified in respondent's motion to strike are in strict compliance with the provisions of sec. 4428, Rev. Codes, the papers, pleadings, etc., being printed in the transcript and fairly identified in each bill of exception. (*Shurtliff v. Extension Ditch Co.,* 14 Ida. 416, 94 Pac. 574.) The time within which affidavits sought to be stricken by this motion were filed is not and was not jurisdictional. (*Smith v. Whittier,* 95 Cal. 279, 30 Pac. 529; *Spotiswood v. Weir,* 80 Cal. 448, 22 Pac. 289; *Howe v. Briggs,* 17 Cal. 386.)

Where an order or decision and the papers upon which it is made are a part of the records and files in the action, they need not, unless desired by the party objecting thereto, be embodied in a bill of exceptions, but the same appearing in the records or files, may be reviewed upon appeal as though settled in such bill of exceptions. (Sec. 4427, Rev. Codes; *Taylor v. McCormick,* 7 Ida. 524, 64 Pac. 239; *Warren v. Stoddart,* 6 Ida. 692, 59 Pac. 540.)

H. G. Redwine, for Respondent.

The granting or refusing a continuance rests in the sound discretion of the trial court, and this court will not review that discretion unless there appears to have been a very gross abuse in its exercise. (*Herron v. Jury*, 1 Ida. 166; *Cox v. Northwestern Stage Co.*, 1 Ida. 376; *Lillienthal v. Anderson*, 1 Ida. 676; *Richardson v. Ruddy*, 10 Ida. 151, 77 Pac. 972; *Robertson v. Moore*, 10 Ida. 115, 77 Pac. 218; *Holt v. Gridley*, 7 Ida. 416, 63 Pac. 188; *Reynolds v. Corbus*, 7 Ida. 481, 63 Pac. 884.)

The notice of intention failed to state that the motion for a new trial would be based upon affidavits as required by sec. 4441, Rev. Codes. (*Gregg v. Garrett*, 13 Mont. 10, 31 Pac. 721; *Hughes v. Alsip*, 112 Cal. 587, 44 Pac. 1027.) "Notice must specify upon what evidence motion will be made, whether upon affidavits, minutes of the court, bill of exceptions, or a statement of the case." (14 Ency. Pl. & Pr. 876; 29 Cyc. 938.)

After the time in which affidavits, statements and bills of exceptions may be filed, as required by sec. 4441, the right is absolutely barred. (*In re Kasson's Estate*, 141 Cal. 33, 74 Pac. 439; *Freese v. Freese*, 134 Cal. 48, 66 Pac. 43; *Hoehnan v. N. Y. Dry Goods Co.*, 8 Ida. 73, 67 Pac. 796; *Swartz v. Davis*, 9 Ida. 239, 74 Pac. 800; *Henry v. Merguire*, 106 Cal. ·142, 39 Pac. 599; *Connor v. Southern Cal. Motor Road Co.*, 101 Cal. 429, 35 Pac. 990.)

STEWART, J.—This is an action to recover the sum of $2,500 with interest. The plaintiff alleges that on September 9, 1903, at the request of the defendants, plaintiff paid to one A. N. Buchanan the sum of $2,500, which amount was paid in the form of a check drawn by plaintiffs on the Lewiston National Bank of Lewiston, Idaho, in words and figures as follows, to wit:

"Lewiston, Idaho, Sept. 9th, 1903.

"The Lewiston National Bank pay to the order of A. N. Buchanan $2,500.00, Two thousand five hundred and no-100 dollars.

(Signed)   "GEO. H. STORER."

That said sum was afterward paid by said Lewiston National Bank to the order of said Buchanan; that in consideration thereof, said defendants promised and agreed to pay said sum to plaintiff within ten days from the time said money was paid by plaintiff to said Buchanan; but said sum and no part thereof having been paid on February 8, 1904, plaintiff and defendants entered into an agreement on that date, under and by the terms of which the time of payment was extended to the first day of May; and on said February 8th the plaintiff promised and agreed to extend the time of payment to said May 1st, and said defendants promised and agreed to and with plaintiff, that in consideration of said extension, interest would be paid him on said sum to May 1st, upon which date it was agreed by and between said parties said sum was to become due; that demand has been made but said sum has not been paid. The defendants filed an answer and in effect denied all the allegations of the complaint.

On November 23, 1908, counsel for appellants gave notice to respondent that on November 25th they would move for a continuance until the first day of the next regular or special term of said court, and that said motion would be based on the ground of the absence and inability to attend as a witness on November 27th, of defendant Fred T. Dubois, an important and material witness for the defense in the trial of said cause; and that on the hearing of said motion the defendants would use and rely upon all the records and files and the affidavit of Henry Heitfeld attached to the motion. This notice was followed by a motion for a continuance dated November 23, 1908. The affidavit, upon which the motion was based, made by Henry Heitfeld, is in substance as follows: That he is one of the defendants; that Hon. Fred T. Dubois, the other defendant, resides in the city of Blackfoot, Bingham county, Idaho; that the defendants have a full and meritorious defense and have been so advised by counsel. That Fred T. Dubois is an important and material witness, and if present would testify that at no time or place did he ever request the plaintiff in this

action to pay to A. N. Buchanan the check mentioned in plaintiff's complaint, or any other sum of money whatever; nor was said sum of money ever paid for the use or benefit of either himself or affiant, and that said Dubois would further testify, if present, that he never promised within ten days after said check was given, or at any time, to pay said or any sum of money to the plaintiff, and never on February 8th, or at any time, entered into any agreement with plaintiff and this affiant to have the time of payment extended; and that no agreement or extension was ever entered into at all by plaintiff and said defendants, and they never agreed to pay any interest on said sum of money by reason of any agreement or extension. Affiant further stated that he was informed and believed that said Dubois had in his possession certain letters and correspondence written by plaintiff, concerning the matters alleged in the complaint, the words of which are unknown to affiant, but he verily believes the same to be important and material in the trial of the issues in this case. That affiant and his codefendant cannot safely go to trial in this cause without the presence of Fred T. Dubois, and if present, that he would testify as set forth in the affidavit; that if a continuance be granted until the first day of the next term, affiant will have the said Dubois present; that he has no other witnesses by whom he can prove the same facts or by whom he can produce the correspondence and letters; that if affiant and his codefendant are compelled to go to trial on November 27th, they and each of them cannot have a fair trial or make a complete defense, and substantial justice cannot be done; that affiant has used the utmost diligence to produce the said Dubois in court as a witness in his own behalf at the day set for trial, to wit, November 27, 1908, and after a showing of said diligence, states that on the day this cause was set for trial, in the absence of his attorney, Clay McNamee, from Lewiston, Idaho, he was informed by J. L. Harn, an attorney of this court, of the date set for trial in this cause and immediately upon receipt of said information he telegraphed to Fred T. Dubois, at Black-

foot, Idaho, the date set for trial and the urgent necessity of his being present at said trial, said Dubois and affiant having arranged between themselves during the past summer that said Dubois would come to Lewiston at any time upon receipt of a telegram, giving him reasonable notice of the date of the trial; that on November 19, 1908, affiant in reply to said telegram so sent by him to said Fred T. Dubois, received the following reply:

> "Blackfoot, Ida., Nov. 19, '08.

"Hon. Henry Heitfeld, Lewiston, Ida.

"Fred, in Springfield, Ill., owing to Doctor Dubois death. Impossible to meet you.

> (Signed) "Mrs. FRED DUBOIS."

That immediately upon receipt of said reply telegram, affiant wired the said Fred T. Dubois at Springfield, Illinois, advising him of the date set for trial and urging him, if within his power, to get to Lewiston, Idaho, on or before November 27, 1908; that since the date of sending said last-mentioned telegram to said Fred T. Dubois, at said Springfield, Illinois, affiant has received no reply whatever to said telegram; that the Doctor Dubois mentioned in Mrs. Dubois' reply telegram is a brother of Fred T. Dubois, and affiant is informed that said Dubois is at Springfield, Illinois, for the purpose of attending the funeral and interment of the remains of his brother, and looking after certain interests at that point relative to the estate of his deceased brother; that should the said Fred T. Dubois reach Lewiston, Idaho, on or before the date of trial heretofore fixed by this court; affiant will be ready to go to trial; but if the said Dubois is still in the state of Illinois, he believes it impossible, or at least extremely improbable, that said Dubois can reach Lewiston at the time of said trial; that neither affiant or his counsel has been guilty of laches herein, and that this application for a continuance is made in good faith and not for the purpose of delay. That if a continuance herein be granted as prayed for, affiant will have the said Dubois present at the next term as hereinbefore set forth. This affidavit was sworn to on November 23d.

It does not appear from the record upon what date the court made the order setting the case for trial, but it does appear that immediately after the case was set for trial, the appellant, Heitfeld, wired his codefendant, Dubois, of the setting of the case for trial; and on November 19th a telegram was received from the wife of the defendant, Fred T. Dubois, stating that Fred T. Dubois was in Springfield, Illinois, owing to Doctor Dubois'. death; and it further appears that on November 23d, soon after receiving this telegram, affiant gave notice that on the 25th he would ask for a continuance on account of the absence of Fred T. Dubois, his codefendant. The motion for a continuance was overruled. The cause went to trial and was tried to a jury and a verdict rendered for the plaintiff. Judgment was entered in accordance with the verdict. A motion for a new trial was made and overruled, and this appeal is from the judgment and from the order overruling the motion for a new trial.

In support of the motion for a new trial, the appellants filed a number of affidavits made by Fred T. Dubois and others, in substance and effect showing the cause of his absence from the state, the death and attendance upon the burial of his deceased brother, the receiving of an injury which seriously crippled him, and his confinement and medical treatment for such injury, and the reasons why the telegram to him was not delivered or reply made thereto, and a general statement of the facts which caused his absence and the reasons for his not appearing at the trial. The respondent made a motion to strike these affidavits from the files upon four different grounds: First, that the affidavits were improperly filed, for the reason that no notice was given of intention to move for a new trial, on account of any newly-discovered evidence or on account of accident or surprise; second, that the notice of intention to move for a new trial does not set forth or specify that the motion for a new trial will be based and made upon affidavits to be filed and served; third, for the reason that the time within which said affidavits could be filed has expired, and said affidavits were not filed within the time provided by law; fourth, for the

reason that said affidavits do not set forth any newly dis-
covered evidence showing surprise or any other reason why
a new trial should be granted.

On March 1, 1909, the court made an order striking each
and all of said affidavits from the files of said action. A
bill of exceptions was prepared and allowed by the judge
and filed in said cause, wherein the defendants excepted to
the ruling of the court in striking said affidavits from the
files. Afterward and on March 3, 1909, the court overruled
the motion for a new trial and certified that upon the hear-
ing of said motion, the papers used and considered consisted
of "Statement of the Case, Bills of Exceptions, and Records
and Files in the Action."

In this court the respondent moves to strike from the
transcript the notice of motion, motion, and affidavit upon
which the continuance was asked, first, for the reason that
said papers are not incorporated in and made a part of a
bill of exceptions; second, the motion for a new trial, for
the reason that the same is not properly a part of the tran-
script and is not incorporated in any bill of exceptions; third,
all those certain affidavits referred to, being the affidavits
filed on motion for a new trial and stricken from the files
by the trial judge, for the reason that they are not properly
a part of the record on appeal and are not incorporated in
and made a part of any bill of exceptions; fourth, the bill
of exceptions purporting to show the ruling of the court
upon the motion to strike the affidavits referred to from the
files, for the reason that the same was not properly settled
by the judge, in that it appears upon the face thereof that
it was settled and filed on the day after and not at the
time the exception was taken, and was not served upon op-
posing counsel, and was settled without his agreeing thereto
or having any notice, and was not settled according to the
method provided in sections 4426 or 4430 of the Rev. Codes.

The first question for determination in this case is, whether
the notice of motion, motion, and affidavit for a continuance
are made a part or are incorporated in a bill of exceptions.
This part of the motion is based upon the fact that such
papers are not copied into the bill of exceptions.

In the case of *Shurtliff v. Extension Ditch Co.*, 14 Ida. 416, 94 Pac. 574, this court held in effect that a document or paper could be made a part of a bill of exceptions by reference, without copying the same therein, providing the identification was sufficient, and that the paper or document purporting to be thus identified in the bill was placed in the record, and in the absence of a showing to the contrary, the court would presume that the document or paper appearing in the record was the one identified and made a part of the bill of exceptions. For this reason the motion to strike from the transcript the notice of motion, motion and affidavits, upon which the continuance was asked must be overruled.

The second part of the motion, to strike out the motion for a new trial, is also overruled. While our statute does not require that a formal motion for a new trial shall be in writing, yet it contemplates a motion for a new trial, and when such motion is put in writing and filed as a part of the records in the case, we think it proper to include the same as a part of the transcript; and that a formal motion, while not required, is very commendable practice.

The third ground of the motion we think should be sustained. Sec. 4439, Rev. Codes, provides the grounds upon which a new trial may be asked, among which are: "4. Newly discovered evidence, material for the party making the application, which he could not, with reasonable diligence, have discovered and produced at the trial." Sec. 4441 provides that "The party intending to move for a new trial must, within ten days after the verdict of the jury, . . . . or after notice of the decision of the court . . . . serve upon the adverse party, a notice of his intention, designating the grounds upon which the motion will be made, and whether the same will be made upon affidavits, or the records and files in the action, or the minutes of the court or a bill of exceptions, or the statement of the case." The judgment in this case was entered and filed on November 30, 1908. On December 2d, and within ten days, the appellant gave notice of intention to move for a new trial and served the same upon counsel for plaintiff, on the grounds: First, insufficiency of evidence; second, errors of law occurring during

the trial, and excepted to; third, errors of law occurring at the trial and deemed excepted to; fourth, errors of law and abuse of discretion in overruling the motion for a continuance. Then follows the statement: "Said motion will be made upon a statement of the case and bill of exceptions and assignments of error to be hereafter prepared, served and filed herein." Then follows: "5. Newly discovered evidence material for defendants, which they could not with reasonable diligence have discovered and produced at the trial."

There is also printed in the record a motion for a new trial, filed February 15, 1909, stating the same grounds as are contained in the notice of intention, with this modification: "Upon newly discovered evidence which defendants could not with reasonable diligence produce at the trial of said cause, as shown by the affidavits of Fred T. Dubois, C. W. Dowden, Mrs. Arthur Huntington, Dr. A. W. Langeman, D. B. Hilbert, D. W. Greenburg, James Hayes, and Henry Heitfeld." Then follows this statement: "This motion is made and based on all of the records and files herein, a statement of the case herein heretofore served on counsel for the plaintiff and deposited with the clerk of said court on February 4, 1909."

This motion for a new trial, however, does not appear to have been served upon counsel for plaintiff, and cannot take the place of the notice of intention.

It will be seen by section 4441, *supra,* that the party intending to move for a new trial must, within ten days, serve notice, designating therein the grounds upon which the motion will be made and whether the same will be made upon affidavits. Referring to the notice of intention, it will be observed that it does not state that such motion will be made upon affidavits. Subdivision 1 also of the same section requires that if the motion is to be made upon affidavits, the moving party must within ten days after service, or of such further time as the court or judge may allow, file such affidavits with the clerk. As seen above, the notice was served on December 2d. If the application for a new trial

was based upon affidavits, they must necessarily have been filed on or before December 12th.

Counsel for appellant, however, relies upon an order made by the district judge on November 28th, and appearing in the record. A reference to this order discloses that the court on that day granted an extension of time of sixty days after the filing of the judgment, within which to prepare, serve and file a draft of a bill of exceptions or statement of the case on motion for a new trial or both. But no extension whatever is granted to prepare or file affidavits on motion for a new trial. We are forced to the conclusion that the affidavits stricken from the files by the district judge, at the hearing of the motion for a new trial, had no place in the files, and that the court committed no error in striking them from the files. The fact, however, that these affidavits were properly stricken from the files is not a reason why the bill of exceptions, containing such affidavits, should be stricken from the files, as this is the only method by which the ruling of the court, in striking such affidavits from the files, could be preserved in the record and brought to this court for review. While it is true that the bill of exceptions is dated one day after the ruling striking such affidavits, yet there is nothing in the record to show but that the bill was presented to the judge for signature at the time the decision was made, and the mere fact that it was signed one day after is not a reason why it should be stricken from the files, and it will be presumed that the court extended the time to the date when it was signed as authorized, under the provisions of section 4426. The record shows that the bill of exceptions was settled and allowed by the trial judge, and in the absence of a showing to the contrary, this court will presume that the trial judge found that the same had been served before the settlement was allowed, as this court will not presume that the trial judge settled the bill of exceptions without due and proper service thereof.

This brings us to the real question in this case, and that is: Was the showing made for a continuance sufficient?

It is the rule in this state that a motion for a continuance is addressed to the sound discretion of the trial court, and

his ruling thereon will not be disturbed on appeal unless it appears there has been an abuse thereof. (*Herron v. Jury,* 1 Ida. 164; *Cox v. Northwestern Stage Co.,* 1 Ida. 376; *Lillienthal v. Anderson,* 1 Ida. 673; *Holt v. Gridley,* 7 Ida. 416, 63 Pac. 188; *Reynolds v. Corbus,* 7 Ida. 481, 63 Pac. 884; *Robertson v. Moore,* 10 Ida. 115, 77 Pac. 218; *Richardson v. Ruddy,* 10 Ida. 151, 77 Pac. 972; *Rankin v. Caldwell,* 15 Ida. 625, 99 Pac. 108.)

The motion for a continuance was made by both Henry Heitfeld and Fred T. Dubois, and the affidavit of Henry Heitfeld was made in support of the motion for a continuance. Prior to the time of making the motion for a continuance the issues had been joined. The defendant had denied in substance the allegations of the complaint, and the issue was presented as to whether or not the plaintiff had paid or advanced money to one A. N. Buchanan upon the request of the defendants, and had the defendants agreed to pay the same, and had the time of payment been extended, under a promise and agreement of said defendants to pay said money. From this answer it appears that the defendant's presence at the trial would necessarily be of very great importance, not only to aid counsel but as a witness. The affidavit shows that it was agreed between the defendants that Dubois could and would be present at the trial of said cause, at any time upon receipt of a telegram giving him reasonable notice of the date of the trial. The cause was set for trial and a telegram sent to the defendant, Dubois, informing him of such fact. This telegram was not received by him, but his wife immediately sent a reply thereto, that her husband, Fred T. Dubois, one of the defendants, was in Springfield, Illinois, owing to Doctor Dubois' death. It further appears that the Doctor Dubois, referred to, was a brother of the defendant, Fred T. Dubois. Upon receipt of this telegram, his codefendant, Heitfeld, wired Fred T. Dubois at Springfield, Illinois, advising him of the date set for the trial and urging him to be present, and received no reply. The affidavit further shows that Fred T. Dubois was at Springfield for the purpose of attending the funeral and interment of the remains of his brother and looking

after certain interests at that point relative to the estate of his deceased brother; and the affidavit further shows that in case said Fred T. Dubois reached Lewiston on or before the date of trial, the defendants would be willing and ready to go to trial, but if he did not reach there in time for the trial, a continuance would be asked until the next term of court.

While it is true that this affidavit does not go into detail with reference to the circumstances under which Fred T. Dubois left the state and went to Springfield, Illinois, and the reason for his detention there, yet from the very nature of the case, it is apparent that it was impossible for Heitfeld, his codefendant, to give in detail all of the circumstances which caused Dubois' detention in Springfield. It is apparent, however, from the affidavit that Dubois was unable to be present at the trial. He was a defendant, a party interested in the trial and a witness for defendants; he had a right, unless he absents himself without reason, to be present, to advise and assist counsel as well as testify in his own behalf. From the nature of the answer, it would appear that the defendants had a good defense, if they were able to prove the allegations of such answer; and from the facts contained in the affidavit it is apparent that the defendants were acting in good faith in asking for the continuance. Sec. 4371, Rev. Codes, provides: "Either party may bring an issue to trial, or to a hearing, and in the absence of the adverse party, unless the court, for good cause, otherwise direct, may proceed with his case," etc. This section directly applies to the case now under consideration; that is, the plaintiff had a right to bring the case to trial in the absence of the defendant, Dubois, unless the court for good cause otherwise direct. In other words, if good cause is shown, then the court should direct a postponement.

We are unable to discover what more the defendant Heitfeld could have shown in his affidavit than he did show, under the peculiar circumstances of this case. As said by the supreme court of California, in the case of *Jaffe v. Lillienthal*, 101 Cal. 175, 35 Pac. 636.

"It is the right of parties to be present at the trial of their cases. This right may be waived, and should be held to be waived where the absence of the party is voluntary and under circumstances which ought not to induce a reasonable man having a due regard for the rights and interests of others and of the public, all of whom are interested in the due and prompt administration of justice, to absent himself."

In line with the further discussion in that case, we may well observe that so far as the question of diligence on the part of Heitfeld was concerned, no amount of diligence would have prevented the sickness or death of the defendant's (Dubois') brother. And the fact that the defendant Dubois was engaged in attending the interment of his deceased brother at the time when respondent claims he should have been present at the trial, we think is not a voluntary absence or one which would not induce a reasonable man to absent himself, under the circumstances, and is a sufficient legal reason why the cause should have been postponed. If the defendants have a meritorious defense, as they alleged in their answer and in the affidavit for a continuance, then they should have an opportunity to present the same in court, unless without reason or excuse they refrain from doing so; and we think, under the facts contained in this affidavit, that the defendants have been prevented from having their day in court. (*Morehouse v. Morehouse,* 136 Cal. 332, 68 Pac. 976.) The judgment is *reversed* and a new trial ordered. Costs awarded to *appellants.*

Sullivan, C. J., and Ailshie, J., concur.

Petition for rehearing denied.