(May 19, 1923.)

JOHN LIND, Respondent, v. D. D. HOLLAND and NELLIE HOLLAND, Appellants.

[215 Pac. 834.]

PLEADING—AMENDMENT—EVIDENCE.

    1. Where amendment to a pleading to make it conform to proof is unnecessary, same is not prejudicial or erroneous.

    2. Evidence examined and *held* admissible.

APPEAL from the District Court of the Eleventh Judicial District, for Jerome County. Hon. H. F. Ensign, Judge.

Action to recover share of proceeds of joint venture. From judgment for plaintiff, defendant appeals. *Affirmed.*

E. D. Reynolds, for Appellants.

Where the allowance of amendments involves the introduction of further evidence or a new state of facts or misleads or prejudices the defendant, the allowance of such amendments is error. (*Trask v. Boise King Placers Co.,* 26 Ida. 290, 142 Pac. 1073; *Nobach v. Scott,* 20 Ida. 558, 119 Pac. 295; *Hallett v. Larcom,* 5 Ida. 492, 51 Pac. 108; 31 Cyc. 410, and cases cited.)

A. B. Barclay, for Respondent.

GIVENS, Commissioner.—Appellant assigns in substance two errors: First, the court's action in permitting respondent to amend his complaint; second, the admission of certain evidence.

The amended complaint is not set forth as a part of the record, nor is there anything to indicate the nature or extent of any amendments which may have been allowed, except the last finding of the trial court, as follows:

"And the court further finds that plaintiff is entitled to amend his complaint as requested to conform to the evidence."

Amendments to pleadings rest largely in the discretion of the court, and the rulings of the court will not be disturbed on appeal unless it appears that the exercise of such discretion has deprived the party complaining of some substantial right. (*Rankin v. Caldwell,* 15 Ida. 625, 99 Pac. 108.) Without the amended pleading we are perforce left to conclude that the above was the only amendment allowed, and as we hereafter indicate, the evidence, the admission of which appellant assigns as error, was responsive to the issues as raised by the answer. It was therefore unnecessary to amend the pleadings to conform to the proof, and hence such allowance was not prejudicial and not erroneous.

The only objections made to the admission of evidence appear at folios 55, 67 and 75 of the transcript.

This action was for respondent's share of the proceeds of a joint farming operation, the expenses to be jointly borne by respondent and the two appellants, each to receive one-third of the net returns. Settlement of some of the disputed items was had following an appraisement by three disinterested parties, but both appellants and respondent admit the question of the amount and value of the hay to be divided was not settled by this appraisement, but was left open.

The assignment of error at folio 55 was based upon the following questions and answers:

"Q. Was there anything else that was not settled by the appraisers at that time coming under this copartnership?

"Mr. Haddock: Object to that as incompetent, irrelevant and immaterial and not within the issues of this case. . . . .

"A. We farmed the southwest quarter of the northeast quarter of section 2, township 9, range 16, which I furnished one-third of the alfalfa seed and the maintenance and was to receive one-third of the proceeds.

"Q. Was that settled at the time of the settlement by the three appraisers?

"A. No, sir."

From the above it appears that alfalfa seed was sown, and if any crop was thereby produced it was alfalfa. Alfalfa is hay, and since the question of the settlement for hay was not covered by the appraisement, the questions and answers above indicated were responsive to the issues. The mere fact that the land upon which this particular hay was grown was in one ranch or the other is fully covered by paragraph 1 of the complaint, which alleged that the work and labor was to be performed on:

"Their [appellants'] lands in Jerome county, Idaho, and on other lands in said Jerome county controlled by them [appellants]."

The evidence at folio 67 referred to what was included at the time of the appraisement in the sum of $198 found by the appraisers to be due appellants from respondent. Since the allegations of the answer are deemed denied (C. S., sec. 6717), and the amount claimed to be due appellants from respondent appears for the first time in paragraph 6 of appellants' answer, the same is deemed denied, and evidence of what was included in this amount growing out of the settlement made by the appraisers, as contradistinguished from what was excluded and therefore still subject to settlement, was clearly within the issues of the case.

The evidence at folio 75 refers to certain bills for money due the parties, which had not been collected at the time of the appraisement. Since the case at bar involves a correct settlement between the parties, growing out of their joint

farming venture, and was an equitable action, though a jury was called in an advisory capacity, this certainly was a proper item to be considered, because respondent was entitled to his share of whatever was collected as a part of the joint funds. Furthermore, the answer raised issues occurring after October 1, 1918, the date of the alleged settlement.

The judgment of the trial court should be affirmed.

McCarthy, Dunn and William E. Lee, JJ., concur.

PER CURIAM.—The above and foregoing opinion has been examined and is hereby adopted in whole as the opinion of the court, and it is so ordered. Costs to respondent.

Petition for rehearing denied.